UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EDWARD CRAIG POOLE;                  )
ROSARIO ANDRADE DEL SOL;             )
AVELINO VALDEZ VASQUEZ;              )
WENDELL DAVID WILLIAMS;              )
and MARK RICHARD PATRICK             )
      **PETITIONERS**          )
v.                                   )  **Civil Action No. 1:07-cv-02039**
                                     )
JOHN M. ROLL; DAVID C. BURY;         )
FRANK R. ZAPATA; CINDY K.            )
JORGENSON; RANER C. COLLINS;         )
MARY M. SCHROEDER; PETER L.          )
SHAW; GARNETT THOMAS EISELE;         )
JOHN DOE(S) 1 THRU 99;               )
JANE DOE(S) 1 THRU 99,               )
XYX CORPORATIONS 1 THRU 99           )
      **DEFENDANTS**          )

The Honorable Garnett Thomas Eisele
Richard Sheppard Arnold United States Courthouse
500 West Capitol, C244
Little Rock, AR 72201

## MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT

  Separate Defendant Eisele moves this Court to dismiss Petitioners' Complaint with

prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and on the basis of

judicial immunity.  In addition, Separate Defendant Eisele requests that this Court dismiss

Petitioners' Complaint with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P.

12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

**I.**  **Background**

  On April 2, 2007, Petitioner Wendell David Williams, filed a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District

1

of Arkansas, Case No. 4:07-cv-00326 GTE. Separate Defendant Eisele, as the presiding judicial officer, issued an Order, dated April 6, 2007, wherein the Court placed Mr. Williams on notice that it intended to recharacterize his submission from a petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255 because it appeared that Mr. Williams was not challenging the execution of his sentence, but was attempting to vacate, set aside, or correct his sentence. The Order further notified the Plaintiff that the intended recharacterization meant that any subsequent section 2255 motion would be subject to the restrictions on "second or successive" motions, and gave Mr. Williams the opportunity to withdraw the motion or amend it so that it contained all of the section 2255 claims he believed he had.

Subsequently, Mr. Williams objected to the Order stating that he "is not challenging the sentence or its validity, nor is he challenging the calculations of the Bureau of Prisons or condition of confinement," but that he "is challenging the very issue of 'Jurisdiction' of the United States with respect to bringing charges against the petitioner." The Court declined to reconsider its previous ruling, noting that 28 U.S.C. § 2255 provides in part that a federal prisoner may seek "release[] upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255 (emphasis added).

The Court further noted that in *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the Eighth Circuit found that the United States District Court for the Eastern District of Missouri lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located, and the Plaintiff was incarcerated in the United States Medical Center for Federal Prisoners in

2

Springfield, Missouri, which is located within the Western District of Missouri. 28 U.S.C. §

105(b)(5). Because Plaintiff characterized his initial filing as a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, and the filing indicated that Mr. Williams was incarcerated in

Safford, Arizona, the Court found that even if it were to consider Mr. Williams' filing as a §

2241 habeas petition, the Court would lack personal jurisdiction. Once again, the Court offered

Mr. Williams the opportunity to either withdraw the motion or to amend it so that it contained all

the section 2255 claims he believed he had, and stated that if the Plaintiff neither withdrew the

motion, nor amended it, the Court would consider the motion under section 2255 as presently

stated.

     Thereafter, Mr. Williams again insisted that the Court consider his motion under 28

U.S.C. § 2241, rather than 28 U.S.C. § 2255, explaining that he had been incarcerated for over

four years, and therefore, did not meet the statute of limitations requirements under 28 U.S.C. §

2255. The Court considered Mr. Williams' petition under 28 U.S.C. § 2241, and dismissed the

case for lack of personal jurisdiction because Mr. Williams was incarcerated in Safford, Arizona.

The Court also noted that it did not appear that Mr. Williams had a cognizable claim under 28

U.S.C. § 2241 because he was challenging the sentence itself, rather than the manner of

execution of his sentence.[1]

## II.    Petitioners' Complaint Fails to State a Claim

     Petitioners' Complaint centers around the allegation that Defendants conspired to deny

---

[1]The docket report, pertinent motions, and orders entered by Judge Eisele are attached hereto as Exhibit A.

Petitioners' habeas corpus petitions, and in so doing, violated the Federal Racketeering and the

Racketeer Influenced and Corrupt Organizations Act ("RICO"). To sustain a RICO claim,

Petitioners must allege at a minimum that Defendants have engaged in a "pattern of racketeering

activity or collection of unlawful debt." 18 U.S.C. § 1962. The Complaint alleges conduct that

is entirely lawful–that Defendant Eisele considered and denied Petitioner Williams' habeas

corpus petition. Such an allegation does not give rise to any inference of impropriety, much less

evidence a conspiracy involving a pattern of racketeering activity. *See Chisum v. Colvin*, 276 F.

Supp. 2d 1 (D.D.C. 2003). Further, Plaintiffs have failed to allege that they have been injured in

their business or property by reason of a violation of section 1962. 18 U.S.C. § 1964(c).

Therefore, Petitioners' Complaint should be dismissed for failure to state a claim.

### III.    Petitioners' Complaint is Barred by Judicial Immunity

Generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S.

9, 9-10, 112 S.Ct. 286, 287 (1991) (citing cases). However, the Court noted that a judge is not

absolutely immune from criminal liability, from a suit for prospective injunctive relief, or from a

suit for attorney's fees authorized by statute." *Id.* at 10 n.1 (citing cases). "Although unfairness

and injustice to a litigant may result on occasion, 'it is a general principle of the highest

importance to the proper administration of justice that a judicial officer, in exercising the

authority vested in him, shall be free to act upon his own convictions, without apprehension of

personal consequences to himself.'" *Id.* at 10 (quoting *Bradley v. Fisher,* 13 Wall. 335, 347, 20

L.Ed. 646 (1872)).

4

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Judicial immunity is overcome in only two sets of circumstances: (1) a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 11-12.

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978)). "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." *Id.* at 12-13 (internal quotations omitted). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13.

Here, Judge Eisele's action of denying Petitioner Williams' motion was taken in his judicial capacity. Furthermore, Mr. Williams filed the motion before Judge Eisele, which Judge Eisele denied based upon lack of personal jurisdiction. However, Judge Eisele had jurisdiction to so rule. Therefore, there was not a complete absence of all jurisdiction, and Petitioners' Complaint is barred by judicial immunity.

5

**IV.    This Court Should Dismiss for Lack of Personal Jurisdiction and Improper Venue**

In the event that the Court construes the Complaint as against Judge Eisele in his

individual capacity, and does not dismiss this claim under one of the above immunity provisions,

the Court should dismiss for lack of personal jurisdiction. The Court must engage in a two-part

inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident

defendant, such as Judge Eisele. *Simpson v. Federal Bureau of Prisons*, 496 F. Supp.2d 187, 191

(D.D.C. 2007). "First, the Court must determine whether jurisdiction may be exercised under the

District's long-arm statute." *Id.* at 191-92. "Second, the Court must determine whether the

exercise of personal jurisdiction satisfies due process requirements." *Id.* at 192.

"Under the District's long-arm statute, a District of Columbia court may exercise personal

jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2)

causes tortious injury in the District by an act or omission in the District, or (3) causes tortious

injury in the District 'by an act or omission outside the District of Columbia if he regularly does

or solicits business, engages in any other persistent course of conduct, or derives substantial

revenue from goods used or consumed, or services rendered, in the District of Columbia.' D.C.

Code § 13-423(a) (2001)." *Id.* Petitioners bear the burden of establishing that personal

jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of

such jurisdiction over the defendant." *Id.* Petitioners do not meet their burden.

Petitioners alleged that Judge Eisele is the "Chief Judge, United States District Court,

Eastern District of Arkansas, 600 West Capitol Avenue, Little Rock, Arkansas 72201."[2] Judge

---

[2]Defendant Eisele notes that the Honorable Leon Holmes is now the presiding Chief
Judge, as Judge Eisele has taken Senior Status.

Eisele is a resident of the State of Arkansas and is a district judge in the United States District Court for the Eastern District of Arkansas. None of the events relevant to this case occurred in this district. Petitioners do not allege that Judge Eisele transacts any personal business in the District of Columbia, and the Complaint sets forth no allegations that Defendant Eisele has any personal connection with the District of Columbia other than his federal employment. *Id.* Additionally, the Complaint alleges no facts to establish that Petitioners suffered any injury in the District of Columbia.

Furthermore, because the other Defendants are listed as residing in Arizona and California, the provisions of 18 U.S.C. § 1965(b) do not support requiring the parties to be brought before this Court. Therefore, the nationwide service of process provision does not operate to confer personal jurisdiction over Judge Eisele, and this Court should dismiss for lack of personal jurisdiction.

This Court should also dismiss this case for improper venue. The venue provision applicable to RICO claims is 18 U.S.C. § 1965(a), which provides that "[a]ny civil action or proceeding under [RICO] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Judge Eisele does not reside in, was not found in, does not have an agent in, and does not transact his affairs in the District of Columbia. Furthermore, as stated above, the other Defendants are listed as residing in Arizona and California. Therefore, the provisions of 18 U.S.C. § 1965(b) do not support requiring the parties to be brought before this Court.

7

## **CONCLUSION**

For the reasons stated above, this Court should dismiss Petitioners' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and on the bases of sovereign and judicial immunity. In addition, this Court should dismiss Petitioners' Complaint with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Dated this 12th day of December, 2007.

Respectfully submitted,

Garnett Thomas Eisele
Richard Sheppard Arnold United States Courthouse
500 West Capitol, C244
Little Rock, AR 72201
(501) 604-5160

8

## CERTIFICATE OF SERVICE

I, Garnett Thomas Eisele, hereby certify that a copy of the foregoing pleading has been served via United States Mail, postage pre-paid, on:

Edward Craig Poole
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Rosario Andrade Del Sol
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Avelino Valdez Vasquez
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Wendell David Williams
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Mark Richard Patrick
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Chief Judge John M. Roll
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5190
Tucson, AZ 85701-5053

Honorable David C. Bury
United States District Court

9

Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6170
Tucson, AZ 85701-5065

Honorable Frank R. Zapata
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

Honorable Cindy K. Jorgenson
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5180
Tucson, AZ 85701-5052

Honorable Raner C. Collins
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5170
Tucson, AZ 85701-5051

Honorable Mary M. Schroeder
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Peter L. Shaw
Appellate Commissioner
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

on this 12 day of December, 2007.

Garnett Thomas Eisele
Richard Sheppard Arnold United States Courthouse
500 West Capitol, C244
Little Rock, AR 72201
(501) 604-5160

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD CRAIG POOLE; ROSARIO
ANDRADE DEL SOL; AVELINO VALDEZ
VASQUEZ; WENDELL DAVID WILLIAMS;
and MARK RICHARD PATRICK                          PETITIONERS

v.                          Case No. 1:07-cv-02039

JOHN M. ROLL; DAVID C. BURY; FRANK
R. ZAPATA; CINDY K. JORGENSON;
RANER C. COLLINS; MARY M. SCHROEDER;
PETER L. SHAW; GARNETT THOMAS EISELE;
JOHN DOE(S) 1 THRU 99; JANE DOE(S) 1 THRU
99, XYX CORPORATIONS 1 THRU 99              DEFENDANTS

## PROPOSED ORDER

Presently before the Court is the Motion to Dismiss of Separate Defendant Eisele.

Defendant Eisele moves this Court to dismiss Petitioners' Complaint with prejudice pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to state a claim and on the bases of sovereign and judicial

immunity. In addition, Separate Defendant Eisele requests that this Court dismiss Petitioners'

Complaint with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)

and improper venue pursuant to Fed. R. Civ. P. 12(b)(3). For the reasons stated in Separate

Defendant Eisele's Motion to Dismiss, the Court finds that Petitioners' Complaint should be

dismissed with prejudice as to Defendant Eisele.

1

Accordingly,

IT IS THEREFORE ORDERED THAT Separate Defendant Eisele's Motion to Dismiss

(Docket No. __ ) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Petitioners' Complaint is hereby DISMISSED with

prejudice as to Defendant Eisele.

_____
UNITED STATES DISTRICT JUDGE

**To be notified of entry of this order:**

Edward Craig Poole
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Rosario Andrade Del Sol
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Avelino Valdez Vasquez
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Wendell David Williams
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

Mark Richard Patrick
Safford Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Safford, Arizona 85548

2

Chief Judge John M. Roll
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5190
Tucson, AZ 85701-5053

Honorable David C. Bury
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6170
Tucson, AZ 85701-5065

Honorable Frank R. Zapata
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

Honorable Cindy K. Jorgenson
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5180
Tucson, AZ 85701-5052

Honorable Raner C. Collins
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5170
Tucson, AZ 85701-5051

Honorable Mary M. Schroeder
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Peter L. Shaw
Appellate Commissioner
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

3

# EXHIBIT A

CLOSED, HABEAS

# U.S. District Court
# Eastern District of Arkansas (Little Rock)
# CIVIL DOCKET FOR CASE #: 4:07-cv-00326-GTE
# Internal Use Only

Williams v. USA
Assigned to: Judge G. Thomas Eisele
Case in other court: USCA8, 07-02301
              ED/AR, 4:04CR00011
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 04/02/2007
Date Terminated: 05/15/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Wendell David Williams**
*Reg. #22942-009*

represented by **Wendell David Williams**
Reg. #22942-009
SAFFORD
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
Post Office Box 9000
Safford, AZ 85548
PRO SE

V.

**Defendant**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/02/2007 | 1 | PETITION for Writ of Habeas Corpus filed by Wendell David Williams. (Filing fee of $5.00 paid, receipt #LIT005344) (pag)(copy mailed) (Entered: 04/04/2007) |
| 04/06/2007 | 2 | ORDER: Plaintiff has up to and including 5/14/2007 to either withdraw the 1 motion or amend it so that it contains all the Section 2255 claims he believes he has. Signed by Judge G. Thomas Eisele on 04/6/2007. (thd) (Docket entry modified on 4/9/2007 to correct the filing date.) (thd) (Entered: 04/09/2007) |
| 04/09/2007 | 3 | (Court only) CERTIFICATE OF MAILING by the Clerk re 2 Order. (thd) (Entered: 04/09/2007) |
| 04/09/2007 | | NOTICE OF DOCKET CORRECTION re: 2 Order. CORRECTION: The docket entry was modified to correct the file date to 4/6/2007. (thd) |

| | | (Entered: 04/09/2007) |
|---|---|---|
| 04/18/2007 | 🌣4 | MOTION for Reconsideration re 2 Order filed by Wendell David Williams. (pag)(copy mailed) (Entered: 04/18/2007) |
| 04/19/2007 | 🌣5 | ORDER denying 4 Plaintiff's Motion for Reconsideration; Plaintiff has up to and including 5/14/2007 to either withdraw the motion or amend it so that it contains all the section 2255 claims he believes he has. Signed by Judge G. Thomas Eisele on 04/19/2007. (thd) (Entered: 04/19/2007) |
| 04/19/2007 | 🌣6 | (Court only) CERTIFICATE OF MAILING by the Clerk re 5 Order on Motion for Reconsideration. (thd) (Entered: 04/19/2007) |
| 05/10/2007 | 🌣7 | RESPONSE re 2 Order and 5 Order on Motion for Reconsideration filed by Wendell David Williams. (pag)(copy mailed) (Entered: 05/10/2007) |
| 05/15/2007 | 🌣8 | ORDER granting 7 Plaintiff's Motion for Relief of Order, which is more appropriately styled as a motion for reconsideration; and, dismissing Plaintiff's Petition for Writ of Habeas Corpus for lack of personal jurisdiction. Signed by Judge G. Thomas Eisele on 05/15/2007. (thd) (Entered: 05/15/2007) |
| 05/15/2007 | 🌣9 | (Court only) CERTIFICATE OF MAILING by the Clerk re 8 Order. (thd) (Entered: 05/15/2007) |
| 05/15/2007 | 🌣 | Judge Beth Deere no longer assigned to case, per 8 order. (thd) (Entered: 05/15/2007) |
| 05/24/2007 | 🌣10 | NOTICE OF APPEAL as to 8 Order Dismissing Case, by Wendell David Williams. (copy mailed) (dac) (Entered: 05/24/2007) |
| 05/29/2007 | 🌣11 | MOTION for Leave to Appeal in forma pauperis by Wendell David Williams (copy mailed) (dac) (Entered: 05/29/2007) |
| 05/30/2007 | 🌣12 | ORDER denying 11 Motion for Leave to Appeal in forma pauperis. Signed by Judge G. Thomas Eisele on 5/30/07. (dac) (Entered: 05/30/2007) |
| 05/30/2007 | 🌣13 | (Court only) CERTIFICATE OF MAILING by the Clerk re 12 Order on Motion for Leave to Appeal in forma pauperis (dac) (Entered: 05/30/2007) |
| 05/30/2007 | 🌣14 | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to 10 Notice of Appeal, 8 Order Dismissing Case, 12 Order on Motion for Leave to Appeal in forma pauperis. (copy mailed) (dac) (Entered: 05/30/2007) |
| 05/31/2007 | 🌣 | *** COA BATCH RECEIPT of Notice of Appeal and related supporting documents sent on: Thu May 31 08:09:37 CDT 2007 (COA1, ) (Entered: 05/31/2007) |
| 06/05/2007 | 🌣15 | USCA Docketing Letter as to 10 Notice of Appeal filed by Wendell David Williams. USCA Case Number 07-2301 (dac) (Entered: 06/05/2007) |

| 06/05/2007 | ●16 | ORDER of USCA as to 10 Notice of Appeal filed by Wendell David Williams. The Clerk of the originating court is requested to forward the original file to this court (dac) (Entered: 06/05/2007) |
| 06/05/2007 | ●17 | Transmitted Record on Appeal to US Court of Appeals re 10 Notice of Appeal (dac) (Entered: 06/05/2007) |
| 07/30/2007 | ●18 | USCA JUDGMENT as to 10 Notice of Appeal filed by Wendell David Williams. Judgment of the district court is summarily affirmed (dac) (Entered: 07/31/2007) |
| 09/21/2007 | ●19 | MANDATE of USCA in accordance with the judgment of 7/30/07 as to 10 Notice of Appeal filed by Wendell David Williams (dac) (Entered: 09/21/2007) |
| 12/03/2007 | ●20 | Appeal Record Returned: one volume original file (dac) (Entered: 12/03/2007) |

This case assigned to District Judge _____
and to Magistrate Judge _____ Deere

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 2 2007

JAMES W. McCORMACK, CLERK
By: _____
                                    DEP CLERK

Wendell David; Williams
Sui Juris, [NOT PRO SE]
c/o [P.O. BOX 9000]
[Safford, Arizona]

4 - 07 - C V - 0 0 3 2 6 GTE /BD

## In the District Court of the United States of America
## Eastern District of Arkansas
## Pursuant to Article III of the Constitution

Ex Parte, Wendell David; Williams, Sui Juris )
                                            ) Ex Parte, Petition for Writ
        Petitioner/Affiant                  ) of Habeas Corpus, Jus
                                            ) Legitiumum, Jus Quaesitum.
_____)        [28 USC § 2241]

        Comes now the Petitioner/Affiant, Wendell David; Williams, sui juris,
(Hereafter Affiant), presents this "Petition for Writ of Habeas Corpus", in
the interest of justice, being of sound mind and over the age of majority,
reserving all rights, being unschooled in law, not represented by an attorney,
and not waiving counsel, knowingly and willingly Declares and duly affirms,
in accordance with the supreme Law of the Land, "The Constitution of the United
States of America"(1787), in special visitation, in good faith, with no
intention of delaying, nor obstructing, that the following statements and
facts are of the affiant's own first hand knowledge, and does solemnly swear,
declare, and depose, the following stated herein; is true, correct, complete,
and certain: to the best of affiant's knowledge, in good faith, the affiant
presents the following:

        The affiant has reviewed the jurisdictional authority and the case law
with the [criminal] jurisdiction required for the District Court of the United
States [District of] Eastern District of Arkansas, and the United States
District Court Eastern District of Arkansas, cause number 4:04CR00011-01GTE.
Affiant finds that there is no evidence before that grants the said court(s),
"in personam jurisdiction"; and/or "in rem jurisdiction"; and/or "subject
matter jurisdiction"; and/or "territorial jurisdiction"; and/or "extra-
territorial jurisdiction"; and/or "criminal jurisdiction"; and/or "equity
jurisdiction"; and/or "plenary jurisdiction"; and/or "jus and rem".  Being
the said courts do not have the necessary jurisdiction in evidence, the court
has none of the necessary jurisdiction to proceed with the criminal and/or
civil action/cause, the court has but one function (duty) to perform as stated

in the following case law:

> "[T]he rule, springing from the nature and limits
> of the judicial power of the United States is
> inflexible and without exception, which requires
> this court, of its own motion, to deny its juris-
> diction, and, in the exercise of its appellate
> power, that of all other courts of the United
> States, in all cases where jurisdiction does not
> affirmatively appear on the record." **Sweeton v.
> Brown**, 27 F.3d 1162, 1168 (6th Circuit, 1994).

> "Lack of jurisdiction cannot be waived and juris-
> diction cannot be conferred upon a federal court
> by consent, inaction or stipulation ... A court
> lacking jurisdiction cannot render judgement but
> must dismiss the cause at any stage of the pro-
> ceedings in which it becomes apparent." <u>Id. at
> 27 F.3d 1162, 1168.</u> See also <u>Basso v. Utah Power
> and Light Co.</u>, 495 F.2d 906, 909 (loth Circuit,
> 1974); <u>Burks v. Texas Co.</u>, 211 F.2d 443, 445 (5th
> Circuit, 1954); <u>Insurance Corp. v. Compagnie Des
> Bauxites</u>, 465 US 694, 702, 72 L.Ed.2d 492, 500
> (1982); <u>Ex Parte McCardle</u>, 7 Wall 506, 514, 19
> 1-L.Ed 264 (1869).

Furthermore, before a cause of action can proceed in any court, the
party bringing the action (cause) must have standing **"Locus Standi"**, the
court(s) listed above have failed to produce any evidence of jurisdiction.
The primary element in standing is the jurisdiction of the court to hear the
cause of action, both criminal and civil.

> "The federal courts are under an independent
> obligation to examine their own jurisdiction, and
> standing "is perhaps the most important of [the
> jurisdictional] doctrines." <u>Allen v. Wright</u>, 468
> US 737, 750, 82 L.Ed.2d 556, 104 S.Ct. 3315
> (1984)." **FW/PBS, Inc v. Dallas**, 493 US 215, 107
> L.Ed.2d 603, 621 (1990); See also **Essence In. v.
> City of Federal Heights**, 285 F.3d 1272, 1281
> (10th Circuit, 2002); **Clajon Production Corp. v.
> Petera**, 70 F.3d 1566, 1573 (10th Circuit, (1995);
> **Doyle v. Oklahoma bar Assn.**, 998 F.2d 1559, 1566
> (10th Circuit, 1993); **American Min. Congress v.
> Thomas**, 772 F.2d 640, 650 (10th Circuit, 1985);
> <u>Warth v. Seldin</u>, 422 US 490, 501, 95 S.Ct. 2197,
> 45 L.Ed.2d 343, 345, 354 (1975).

"without jurisdiction, the court cannot proceed
at all in any cause. Jurisdiction is the power
to declare the law, and when its [jurisdiction]
ceases to exist, the only function remaining to
the court is that of announcing the fact and
dismissing the cause". **Ex Parte McCardle**, 7
Wall 506,514, 19 L.Ed 264 (1869).

"Despite the plea, if the district court lacked
jurisdiction to convict, "the indictment would
fail to state an offense against the United
States and the district court would be deprived
of jurisdiction." **United States v. Ruelas**, 106
F.3d 1416, 1418 (9th Circuit, 1996)(quoting
the **United States v. Mitchell**, 867 F.2d 1232,
1233 n2 (9th Circuit, 1989)."

Whereas: The question presented whether jurisdiction of an offense
prosecuted in federal court can be raised in a petition for Habeas Corpus.
In **Bowen v. Johnston**, 306 US 19, 59 S.Ct. 442 (1939), the court concluded
that such a jurisdictional challenge could be raised in a Habeas Corpus. See
also **Gaitan v. United States**, 317 F.2d 494,495 (10th Circuit, 1963); **Barton
v. Malley**, 626 F.2d 151 (10th Circuit, 1980); **Holloway v. United States**, 960
F.2d 1348, 1352 (9th Circuit, 1992).

Furthermore:

"Although a guilty plea generally waives all
claims of Constitutional violation occurring
before the plea, "jurisdictional" claims are
an exception to this rule. **United States v.
Caperell**, 938 F.2d 975 (9th Circuit, 1991),
**United States v. Fitzhugh**, 78 F.3d 1330 (8th
Circuit, 1996), see also **United States v.
Montilla**, 870 F.2d 549 (9th Circuit, 1989)
ammended at 907 F.2d 115 (9th Circuit, 1990),
also **Camp v. United States**, 587 F.2d 397, 399
(8th Circuit, 1978).

"...in this circuit a plea of guilty also acts
as a waiver of all non-jurisdictional defenses".
**United States v. Robertson**, 698 F.2d 703, 707
(5th Circuit, 1983).

At a minimum, Article III of the Constitution requires, "the party who
invokes the courts authority to show [1] that he personally has suffered

some actual of threatened injury as a result of the putatively illegal
conduct of the defendent",.... [2] that the injury fairly can be traced to
the challenged action and [3] "is likely to be redressed by a favorable
decision". (quoting from **american Min. Congress v. Thomas**, 772 F.2d 640,
650 (1985).

       Furthermore:

> "Where the subject of jurisdiction in the
> court over the person, subject matter, or
> place where the crime was committed, can
> be raised in any stage of the criminal pro-
> ceedings, including execution of sentence,
> it is never presumed, but must always be
> proved, and it is never waived by the
> accused". **United States v. Rogers**, 23 F
> 658 (C.C.W.D. Ark., 1885).

       Whereas: The United States Attorney and officer(s) of the court went
before the Grand Jury in cause/case number **4:04CR00011-01GTE** knowing the
court had no standing, jurisdiction or evidence of jurisdiction on the
record. The United States Magistrate kept silent about the lack of jurisd-
iction of the court. The United States Judge also kept silent and allowed
the action to continue without jurisdiction, in violation of oath of office
and Cannon Code of Conduct for the United States Judges, "Cannon 2 § A",
"Cannon 3 § A (1)", all judges are required to take the following oaty [28
USC § 453] before assuming the position of an officer of the court:

> "I, _____, do solemnly swear (or affirm)
> that I will administer justice without respect to
> persons, and do equal right to the poor and to the
> rich, and that I will faithfully and impartially
> discharge and perform all the duties incumbent upon
> me as _____, under the Constitution and laws
> of the United States. So help me God."

       Being the court had no jurisdiction or proof/standing/evidence of juris-
diction, the judge had only one duty to perform as required by the judges oath
of office, that duty was/is to dismiss cause/case number **4:04CR00011-01GTE**
with prejudice.

       The officer of the court by keeping silent and not placing on the court

record the lack of jurisdiction committed actual fraud and fraud on the court, "The suppression of a material fact which a party is bound in good faith to disclose is equivalent to false representation." **Tyler v. Savage**, 143 US 79.

The court(s) listed above have failed to produce any evidence of jurisdiction, or standing

**Take Mandatory judicial Notice**: The Constitution of the United States of America is the **SUPREME** law of the land, all United States government officers, agents, agencies, and employees are bound by the constitution as **Black Letter Law**. The court when action without jurisdiction in conjunction with the officers of the court is violating the petitioners unalienable rights protected by the constitution "Article I § 10 [Bill of Attainder]", "Amendment VI [Nature and Cause]", Amendment V [Due Process of Law]", the court moving forward in a criminal cause without jurisdiction is fraud on the court, **"falus in uno doctrine: false in one thing false in all**, whereas:

## Article VI

§[2] "This Constitution, and the Laws of the United States shall be made in persuance thereof; and all Treaties made, of which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution of Laws of any State to the contrary not with standing."

§[3] ...."and all executive and judicial officers, both of the United States and of the several states, shall be bound by Oath of Affirmation, to support this Constitution; but no religious test shall ever be required as a Qualification to any office or public Trust under the United States."

## Amendment V

"...nor be deprived of life, liberty, of property without due process of law" [Without jurisdiction there is no due process of law].

## Amendment VI

"In all criminal prosecutions,....to be informed of

the nature and cause of the accusation..." [Without
jurisdiction there is no nature and cause].

For further proof the court(s) are acting without jurisdiction the
affiant presents the following:

Whereas: It is a well established principle of law that "all federal
legislation applies only within the territorial jurisdiction of the United
States unless a contrary intent appears"' seeCaha v. United States, 152 US
211, 215, 14 S.Ct. 513 (1984); American Banana Company v. United Fruit
Company, 213 US 347, 357, 29 S.Ct. 511 (1909); United Satates v. Bowman, 260
US 94, 97, 98, 43 S.Ct. 39 (1922); Blackmer v. United States, 248 US 421,437,
52 S.Ct. 252 (1932); Foley Bros. v. Filardo, 336 US 281, 285, 69 S.Ct. 575
(1949); United States v. Spelar, 338 US 217, 222, 70 S.Ct. 10 (1949); and
United States v. First National City Bank, 321 F.2d 14, 23 (2nd Circuit,
1963). This principle of law is expressed in a number of cases from the
federal appellate courts; see McKell v. Islamic Republic of Iran, 722 F.2d
582, 589 (9th Circuit, 1964)(holding the Foreign Sovereign Immunities Act as
Territorial); Meredith v. United States, 330 F.2d 11 (9th Circuit, 1964)
(holding the Federal Torts Claims Act as Territorial); United Satates V.
Cotroni, 527 F.2d 707, 711 (2nd Circuit, 1975)(holding Federal Wiretap Laws
as Territorial); Stowe v. Devoy, 588 F.2d 336, 341 (2nd Circuit, 1978);
Cleary v. United States Lines Inc., 728 F.2d 607, 609 (3rd Circuit, 1984)
(holding Federal Age Discrimination Laws as Territorial); Thomas v. Brown &
Root, Inc., 745 F.2d 279, 281 (4th Circuit, 1984)(holding same as Cleary,
supra); United States v. Mitchell, 553 F.2d 996, 1002 (5th Circuit, 1977)
(holding Marine Mammals Protection Act as Territorial); Pfeiffer v. William
Wrigley, Jr. Co., 755 F.2d 554, 557 (7th Circuit, 1985)(holding Age
Discrimination Laws as Territorial); Airline Stewards & Stewardesses Assn. v.
Northwest Airlines, Inc., 267 F.2d 170, 175 (8th Circuit, 1959)(holding
Railway Labor Act as Territorial); Zahouredk v. Arthur Young and Co., 750
F.2d 827, 829 (10th Circuit, 1984)(holding Age Discrimination Laws as Territ-
orial); Commodities Futures Trading Comm. v. Nahas, 738 F.2d 487, 493 (D.C.
Circuit, 1984)(holding Commission's Subpoena Power under Federal Law as
Territorial); Reyes v. Secretary of H.E.W., 476 F.2d 910, 915 (D.C. Circuit,

1973)(holding Administration of Social Security Act as Territorial); and Schoebaum v. Firstbrook, 268 F. Supp. 385, 392 (S.D.N.Y., 1967)(holding Securities Act as Territorial). But because of statutory language, certain federal drug laws operate extraterritorial; see United States v. King, 552 F.2d 833, 851 (9th Circuit, 1976). The United States has jurisdiction only in Washington D.C., the federal enclaves within the States, and in the territories and insular possessions of the "United States". However, the United States has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the States within the American Union. This proposition of law is supported by literally hundreds of cases. Non-negotiable in law, in fact!

Furthermore: The federal district court must state on the official court record, its jurisdictional authority.

> "Any federal court must, sua sponte, satisfy itself
> of its power to adjudicate in every cause/case and
> at every stage of the proceedings, and the court is
> not bound by the acts or pleadings of the parties.
> Harris v. Illinois-California Express, Inc., 687
> F.2d 1361 (10th Circuit, 1982); see also Treinies
> v. Sunshine Min. Co., 308 US 66 (1939); McNutt v.
> General Motors Acceptance Corp., 298 US 178 (1936).

**Take Mandatory Judicial Notice:** The Constitution of the United States of America (1784) grants Congress the power to create Constitutional courts (Article III) and legislative courts (Article IV); District Courts of the United States and United States District Courts respectively. Constitutional Courts only have judicial authority of constitutional lawfully enacted "Law of the United States" under Article 1 § 8.18. While United States District Courts are territorial courts with authority granted under Article 1 § 8.17.

## Article I

> § 8.17 "To exercise exclusive legislation in all cases
> what so ever, over such District (Not exceeding ten
> miles square as may by Cession of particular states,
> and the acceptance of Congress, become the seat of
> the Government of the United States, and to exercise
> like authority over all places purchased by the consent
> of the legislature of the state in which the same shall

> be for the errection of Forts, Magazines, Arsenals,
> dock-yards, and other needfull buildings".
>
> § 8.18 "To make all laws which shall be necessary and
> proper for carrying into execution the foregoing
> powers, and all other powers vested by this Constitu-
> tion in the Government of the United States, or in
> any Department or Officer thereof".

District Courts of the United States have jurisdiction of lawfully
enacted Laws of the United States and **Not** "Acts of Congress". United States
District Courts have territorial jurisdiction only in Washington, D.C., the
federal enclaves within the states and in the territories and insular
possession of the "United States". However, it has no territorial jurisdi-
ction over non-federally owned areas inside the territorial jurisdiction of
the States within the American Union.

> "When the government does acquire property by purchase
> the consent of the state must be secured before the
> United States has complete jurisdiction over the prop-
> erty. Otherwise, the Government would be in the same
> position as any other proprietor." <u>Hayes v. United
> States</u>, 367 F.2d 216 (10th Circuit, 1966).

And this proposition of law **is** supported by literally hundreds of cases.
Non-negotiable in law, in fact!

Whereas: As a general rule, the power of the United States to
criminally prosecute is, for the most part, confined to offenses committed
within "its jurisdiction". This is born out simply by examination of Title
18, U.S.C. Section 5, which defines the term "United States" in clear juris-
dictional terms. Section 7 contains the fullest statutory definition of the
"jurisdiction of the United States" (sic). The United States District Courts
have jurisdiction of offenses occuring within the "United States" pursuant to
Title 18 U.S.C. Section 3231.

### Title 18 U.S.C.

> § 5 "The term "United States", as used in this title
> in a territorial or insular, subject to the jurisd-
> iction of the United States, except the Canal Zone.
>
> § 7 (3) "Any lands reserved or acquired for the use

Page 8 of 19

> of the United States, and under the exclusive or
> concurrent jurisdiction thereof, or any place
> purchased or otherwise acquired by the United
> States by consent of the legislature of the State
> in which the same shall be, for the errections of
> Forts, Magazines, Arsenals, Dock-yards, or other
> needfull building(s)."

> § 3231 "The District Courts of the United States
> shall have original jurisdiction, exclusive of
> the courts of the states, of all offenses against
> the laws of the United States.

Congress has never passed or enacted into law, a U.S.C. statute that gives either a United States District Court or a District Court of the United States authority to adjudicate "criminal" matter. Title 18 U.S.C. § 3231 does not give a district court "criminal" jurisdiction. § 3231 clearly gives an Article III constitutional "District Court of the United States" original jurisdiction of all offenses against the "Laws of the United States". It **does not** give jurisdictional authority to a United States District Court or even address territorial "Acts of Congress".

> "We (judges) have no right to decline the exercise
> of jurisdiction which is given, than to usurp that
> which is not given. The one or the other would be
> treason to the Constitution." Cohens v. Virginia,
> 6 Wheat 264, 5 L.Ed 7 (1821); United States v. Will,
> 449 US 200 (1980).

Whereas: Examples of this proposition are numerous, in Pothier v. Rodman, 219 F. 311 (1st Circuit, 1923), the question involved whether a murder committed at Camp Lewis Military Reservation in the state of Washington was a federal crime. Here, the murder was committed more than a year before the U.S. acquired a deed for the property in question. Pothier was arrested and incarcerated in Rhode Island and filed a Habeas Corpus seeking release on the grounds that the federal courts had no jurisdiction over an offense not committed in the U.S. jurisdiction. The First Circuit agreed that there was no federal jurisdiction and ordered his release. But, on appeal to the U.S. Supreme Court in Rodman v. Pothier, 264 US 399, 44 S.Ct. 360 (1924), that court reversed; although agreeing with the jurisdiction principles enunciated by the First Circuit, it held that only the

federal court in washington state could hear that issue. In United States
v. Unzeuta, 35 F.2d 750 (8th Circuit, 1929), the Eighth Circuit, held that
the U.S. had no jurisdiction over a murder committed in a railroad car at
Fort Robinson, the state cession statute being construed as not including
railroad rights-of-way. This decision was reversed in United States v.
Unzeuta, 281 US 138, 50 S.Ct. 284 (1930), the court holding that the U.S.
did have jurisdiction over the railroad rights-of-way in Fort Robinson. In
Bowen v. Johnston, 306 US 19, 59 S.Ct. 442 (1939), the court concluded that
such a jurisdiction challenge could be raised in a Habeas Corpus petition.
But, the court then addressed the issue, and found that the U.S. both owned
the property in question and had had a state legislative grant ceding juris-
diction to the United States, thus there was jurisdiction in the United
States to prosecute Bowen. If jurisdiction is not vested in the United
States pursuant to statute, there is no jurisdiction; see Adams v. United
States, 319 US 312, 63 S.Ct. 1122 (1943).

Whereas: the lower federal courts also require the presence of federal
jurisdiction in criminal prosecution. In Kelly v. United States, 27 F. 616
(d.Me. 1885), federal jurisdiction of a manslughter committed at Fort Popham
was upheld when it was shown that the U.S. owned the property where the
offense occurred and the state had ceded jurisdiction. In United States v.
Andem, 158 F. 996 (D.N.J., 1908), federal jurisdiction for a forgery offense
was upheld on showing that the United States owned the property where the
offense was committed and the state had ceded jurisdiction of the property
to the U.S.. In United States v. Penn, 48 F. 669 (E.D.Va., 1880), since the
U.S. did not have jurisdiction over Arlington National Cemetary, a federal
larceny prosecution was dismissed. In United States v. Lovely, 319 F.2d 673
(4th Circuit, 1963), federal jurisdiction was found to exist by U.S. owner-
ship of the property and a state cession of jurisdiction. In United States
v. Watson, 80 F.Supp. (E.D.Va., 1948), federal criminal charges were
dismissed, the court stated as follows:

> "Without proof of the requisite ownership of possession
> of the United States, the crime has not been made out."
> 80 F.Supp. at 651.

Whereas: In Brown v. United States, 257 F. 46 (5th Circuit, 1919),

federal jurisdiction was upheld on the basis that the U.S. owned the post
office site where a murder was committed and the state had ceded jurisdiction;
see also England v. United States, 174 F.2d 446 (5th Circuit, 1949); Krull v.
United States, 240 F.2d 122 (5th Circuit, 1957); Hudspeth v. United States,
223 F.2d 848 (5th Circuit, 1955).  In United States v. Townsend, 474 F.2d
209 (5th Circuit, 1973), a conviction for receiving stolen property was
reversed when the court reviewed the record and learned that there was
ablolutely no evidence disclosing that the defendent had committed this
offense within the jurisdiction of the United States [Courts], and in United
States v. Benson, 495 F.2d 475 (5th Circuit, 1974), in finding federal juris-
diction for a robbery committed at Fort Rucker, the court stated:

> "It is axiomatic that the prosecution must always
> prove territorial jurisdiction over a crime in
> order to sustain a conviction...." 495 F.2d 481.

In two Sixth Circuit cases, United States v. Tucker, 122 F.Supp. 518
(W.D.Ky., 1903) a case involving an assault committed at a federal dam, and
United States v. Blunt, 558 F.2d 1245 (6th Circuit, 1977), a case involving
an assault within a federal penitentiary, jurisdiction was sestained by
finding that the U.S. owned the property in question and the state involved
had ceded jurisdiction.  In IN RE: Kelly, 71 F.Supp. 545 (E.D.Wis., 1895), a
federal assault charge was dismissed when the court held that the state
cession statute in question was not adequate to convey jurisdiction of the
property in question to the United States.  In United States v. Johnson, 426
F.2d 1112 (7th Circuit, 1970), a case involving a federal burglary prosecu-
tion, federal jurisdiction was sustained upon showing a U.S.ownership and
cession.

A case from the Eighth Circuit and Tenth Circuit likewise requires the
same elements to be shown to demonstrate the presence of federal jurisdiction;
see United States v. Heard, 270 F.Supp. 198 (W.D.Mo., 1967); United States v.
Redstone, 488 F.2d 300 (8th Circuit, 1973); United States v. Goings, 504 F.2d
809 (8th Circuit, 1974)(demonstrating loss of jurisdiction); Hayes v. United
States, 367 F.2d 216 (10th Circuit, 1966); United States v. Carter, 430 F.2d

1367 (10th Circuit, 1970); <u>United States v. Cassidy</u>, 571 F.2d 534 (10th Circuit, 1978).

Of all the circuits, the Ninth Circuit has addressed jurisdictional issues more than any of the rest. In <u>United States v. Bateman</u>, 34 F.Supp. 86 (N.D.Cal., 1888), it was determined that the United States did not have jurisdiction to prosecute for a murder committed at the presidio because California had never ceded jurisdiction; see also <u>United States v. Tully</u>, 140 F.Supp. 899 (D.Mon., 1905). Later California ceded jurisdiction for the Presidio to the United States, and it was held in <u>United States v. Watkins</u>, 22 F.2d 437 (N.D.Cal., 1927), that this enables the United States to maintain a murder prosecution; see also <u>United States v. Holt</u>, 168 F. Supp. 141 (W.D.Wash., 1909); <u>United States v. Lewis</u>, 253 F.Supp. 469 (S.D.Cal., 1918); and <u>United States v. Wurzbarger</u>, 276 F.Supp. 753 (D.Or., 1927). Because the United States owned and held a state cession of jurisdiction for Fort Douglas in Utah, it was held that the United states had jurisdiction for a rape proseution in <u>Rogers v. Squier</u>, 157 F.2d 948 (9th Circuit, 1946). But, without a cession, the United States has no jurisdiction; see <u>Arizona v. Manypenny</u>, 445 F.Supp. 1123 (D.Ariz., 1977).

The foregoing cases for the "United States Supreme Court" and the federal appellate courts set forth the rule that criminal prosecutions, the government as the party seeking to establish the existence of federal jurisdiction, must prove United States ownership of the property in question and the cession of state jurisdiction. This same rule manifests itself in state cases. State Courts are courts of general jurisdiction and in a state criminal prosecution, the state must only prove that the offense was committed within the state and county thereof. If a defendant contends that only the federal government has jurisdiction over the offense, he, as a proponent for existence of federal jurisdiction, must likewise prove United States ownership of the property where the crime was committed and state cession of jurisdiction. **Take Mandatory Judicial Notice of the foregoing**.

Whereas: Examples of this operation are numerous. In Arizona, the state has jurisdiction over federal lands in the public domain, the state not having ceded jurisdiction of the property to the United States; see

Page 12 of 19

State v. Dykes, 114 Ariz. 592, 562 P.2d 1090 (1977). In California, if it
is not proved by a defendant in a state prosecution that the state had ceded
jurisdiction, it is presumed the state does have jurisdiction over a criminal
offense; see People v. Brown, 69 Cal. App.2d 602, 159 P.2d 686 (1945). If
cession exists, the state has no jurisdiction; see People v. Mounse, 203
Cal. 782, 265 P. 944 (1928). In Montana, the state has jurisdiction over
property if it is not proved there is a state cession of jurisdiction to the
United States; see State ex rel Parker v. District Court, 147 Mon. 151, 410
P.2d 459 (1966). The existence of a state cession of jurisdiction to the
United States ousts the state jurisdiction; see State v. Tully, 31 Mon.
365, 78 P. 760 (1904). The same applies in Nevada; see State v. Mack, 23
Nev. 359, 47 P. 763 (1897), and Pendleton v. State, 374 P.2d 693 (Nev.,1987);
it also applies in Oregon; see State v. Chin Ping, 91 Or. App.410, 736 P. 188
(1918), State v. Aguilar, 85 Or. App. 410, 736 P.2d 620 (1987); and in
Washington, see State v. Williams, 23 Wash. App. 694, 598 P.2d 731 (1979).

In People v. Hammond, 1 Ill.2d 65, 115 N.E.2d 331 (1953), a burglary
of an I.R.S. office was held to be within state jurisdiction, the court
holding that the difendant was required to prove existence of federal juris-
diction by the United States ownership of the property and state cession of
jurisdiction. In two cases from Michigan, larcenies committed at United
States Post Offices which were rented, were held to be within state juris-
diction; see People v. Burke, 161 Mich. 397, 126 N.W. 446 (1910) and People
v. Van Dyke, 276 N.W. 778 (1935); see also In Re Kelly, 311 Mich. 596. 19
N.W.2d 218 (1945). In Kansas City v. Garner, 430 S.W.2d 630 (Mo. App. 1968),
state jurisdiction over a theft offense occuring in a federal building was
upheld, and the court states that a defendant had to show federal juris-
diction by proving United States ownership of the building and cession of
jurisdiction from the state to the United States. A similar holding was
made for a theft at a United States missile site in State v. Rindall, 146
Mon.64, 404 P.2d 327 (1965). In Pendleton v. State, 734 P.2d 693 (Nev.,
1987), the state court held to have jurisdiction over a D.U.I. ("driving
under the influence") committed on federal lands, the defendant having
failed to show United States ownership and state cession jurisdiction.

Page 13 of 19

Whereas: In <u>People v. Gerald</u>, 40 Misc.2d 819, 243 N.Y.S.2d 1001 (1963), the state was held to have jurisdiction of an assault at a United States Post Office since the defendant did not meet his burden of showing presence of federal jurisdiction, and because a defendant failed to prove title and jurisdiction in the United States for an offense committed at a customs station, state jurisdiction was upheld in <u>People v. Fisher</u>, 97 A.D.2d 651, 469 N.Y.S.2d 187 (A.D. 3 Dept. 1983). The proper method of showing federal jurisdiction in state court is demonstrated by the decision in <u>People v. Williams</u>, 136 Misc.2d 294, 518 N.Y.S.2d 751 (1987). The rule is likewise enunciated in <u>State v. Burger</u> 33 Ohio App.3d 231, 515 N.E.2d 640 (1986), in a case involving a D.U.I. offense committed on a road near a federal arsenal.

Whereas: In <u>Kuerschner v. State</u>, 493 P.2d 1402 (Okla.Cr.App. (1972), the state was held to have jurisdiction of a drug sales offense occuring at an Air Force Base, the defendant not having attempted to prove federal jurisdiction by showing title and jurisdiction of the property in question in the United States; see also <u>Towry v. State</u>, 540 P.2d 597 (Okla.Cr.App. 1975). Similar holdings for murder committed at a United States Post Office were made in <u>State v. Chin Ping</u>, 91 Or. 593, 176 P. 188 (1918), and in <u>United States v. Pate</u>, 393 F.2d 44 (7th Circuit, 1968). Another Oregon case, <u>State v. Aguilar</u>, 85 Or.App. 410, 736 P.2d 620 (1987), demonstrates this rule. Finally, in <u>Curry v. State</u>, 111 Tex.Cr. 264, 12 S.W.2d 796 (1928), it was held that, in the absence of proof that the state ceded jurisdiction of a place to the United States, the courts had jurisdiction over an offense.

Furthermore: There are numerous problems with jurisdiction(s) used by the United States courts as the foregoing has shown. However, in addition to the Federal Governments attempts to use the Interstate Commerce Clause of the Constitution as jurisdiction.

### Article I

§ 8.3 To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;

The Supreme Court has articulated four considerations for determining

Page 14 of 19

whether an activity "substantially affects" interstate commerce such that it can be validly regulated through Commerce Clause regulations.

> [1] Whether the statute in question regulates commerce "or any sort of economic enterprise";
>
> [2] Whether the statute in question contains any "express jurisdictional element which might limit its reach to a discrete set" of cases;
>
> [3] Whether the statute or its legislative history contains "express congressional findings" that the regulated activity affects interstate commerce;
>
> [4] Whether the link between the regulated activity and a substantial effect on inter-state commerce is "attenuated". [see United States v. Lopez, 514 US 549, 131 L.Ed2d 626 (1995); United States v. Morrison, 529 US 598, 146 L.Ed2d 658 (2000); United States v. Maxwell, 386 F.3d 1042 (11th Circuit, 2004); see also Klingler v. Director, Dept. of Revenue, 366 F.3d 614, 617 (8th Circuit, 2004).]

Furthermore: The Supreme Court stated in United States v. Morrison:

> "[W]e always have rejected readings of the commerce clause and the scope of federal power that would permit congress to exercise police power." Id, 146 L.Ed.2d 658, 677 (2000).

And furthermore: The eleventh circuit court of appeals stated in United States v. Maxwell:

> "The act of possession alone entails no trans-action, no consumation of goods or services, and no necessary resort to the market place." Id. 386 F.3d 1042 (11th Circuit, 2004). See also United States v. Smith, 402 F.3d 1303 (11th Circuit, 2005).

Whereas: The affiant was indicted in District Court of the United States, District of Wyoming using the statutes from title 18 of the United States Codes.

The United States Attorney concealed the material fact that the statute

could not be used in a criminal prosecution because the statutes have not
been implemented into law by regulation.

> "An individual cannot be prosecuted for violating
> the Act unless he violates the implementing reg-
> ulation." <u>United States v. Reinis</u>, 794 F.2d 506,
> 508 (9th Circuit, 1986).

> "An administrative regulation of course is not a
> "statute". While in practical effect regulations
> may be called "little laws". [Von Baur, Federal
> Administrative Law, § 490, at 489].... The result
> is that neither the statute nor the regulation
> are complete without the other, and only together
> do they have any force". <u>United States v. Mersky</u>,
> 4 L.Ed.2d 423, 429, 361 US 431, 437.

The United States Attorney commited fraud on the court by using said
statutes in the said criminal action.

The action of the United States Attorney was under color of law and
color of authority. The Court should have stopped the action with prejudice
from the beginning. The fact that the statutes involved have no implementing
regulation means the court proceeding, including the initial plea hearing
and sentencing hearing were under color of law.

**Furthermore:**  The United States Code is only 'prima facie' evidence and
does not grant the United States government jurisdictional standing to bring
criminal causes before the court, see <u>United States National Bank v. Ins.</u>
<u>Agents</u>, 124 L.Ed.2d 402 (1993).  The necessary elements of jurisdiction to
give the Federal Government standing, the government and the courts must
comply with the **Constitution of the United States of America** (1784), see
<u>United States v. Richardson</u>, 418 US 166, 179 (1984); <u>Schelsinger v. Reservists</u>
<u>Com. to Stop War</u>, 418 US 208, 227, 41 L.Ed.2d 706 (1974).

The courts jurisdiction has no validity, the courts action(s) are void,
"If federal court is without jurisdiction of offense, judgement of conviction
is void on its face". <u>Bauman v. United States</u>, (1946, Ca5 La) 156 F.2d 534.
"Any act by the court after its jurisdiction has been destroyed are considered
void". <u>Oksanen v. United States</u>, (1966, Ca8 ND) 362 F.2d 74, see also
<u>Thompson v. King</u>, 107 F.2d 307 (8th Circuit, 1939).

**Take Mandatory Judicial Notice** that no evidence of jurisdiction has been placed on the court record of the court for the cause. The evidence necessary for the court to continue a criminal cause of action is in four parts, should any part be missing from the record, the court has no authority to proceed:

[1] Identify the word criminal in the statute;

[2] Explain why congress identifies in the statute a Constitutional Article III "District Court of the United States" with judicial power authority and not "United States District Court" with legislative authority;

[3] The statute says, original jurisdiction over laws of the United States. Under the preponderance of evidence standards, this statement means a lawfully enacted Constitutional law of the United States of America, and not a territorial Act of Congress;

[4] Requiring the clerk of the court to provide evidence that the district court clerk is in charge of a court ordained by Congress is a Constitutional Article III **"District Court of the United States of America"**.

Without the four points being in evidence the court in question [Herein] has no Authority and/or jurisdiction over the petitioner/affiant.

//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION OF LAW
### EX RIGORE JURIS

In federal prosecution, the government must prove the existence of federal jurisdiction by showing the United States ownership of the place **"locus delictis"** where the crime **"locus criminis"** was committed and the state cession of jurisdiction over criminal matters. If the United States government contends power to criminally prosecute for an offense occurring outside its jurisdiction, it must prove an extraterritorial application of the statute in question, as well as the constitutional foundation supporting the United States standing, **"locus standi"**, for said jurisdiction. In addition, the federal government must have subject matter jurisdiction, by having statutes that have an implementing regulation. Absense of showing the elements of jurisdiction [locus standi, territorial, extraterritorial, subject matter], no federal prosecution can be commenced for offenses committed outside its jurisdiction [i.e. federal zones]. The United States government has not placed on the record any evidence of jurisdiction. Be it subject matter, standing [locus standi], ownership and state cession of jurisdiction of the place [locus delictis] and the crime [locus criminis], and/or the four points of proof the clerk of court needs to have as evidence in the record for the court to proceed with the said criminal prosecution.

The said courts [United States District Court; and/or the District Court of the United States of America] has been operating without jurisdiction and authority, in violation of the petitioners constitutional guarantees as defined in the Constitution of the United States of America (1784), Article III §§ 1,2,3 [Article III Courts]; Amendment V [Due process of Law]; Amendment VI [Nature and Cause].

The courts in question have no jurisdiction and/or authority in the criminal cause/case number 4:04CR00011-01GTE, therefore the court is required to remedy the situation by vacating all judgements, all orders, all sentences, all fines, all assessments, all contracts [including plea agreements] because these items are void and obtained by fraus with malice of forethought.

## Relief

The Court having no proof of jurisdiction, the petitioner/affiant requests the court issue the Writ of Habeas Corpus. Habeas Corpus is **jus legitimum** pursuant to the Constitution of the United States of America (1784), Article 1 § 9 clause 2 "the Privilege of the Writ of Habeas Corpus shall not be suspended". Therefore, the petitioner/affiant requests the court to grant the following:

1) Issue an order granting the Writ of Habeas Corpus;

2) The Writ of Habeas Corpus shall declare the court acted without proper jurisdiction;

3) The Order for Writ of Habeas Corpus shall dismess the cause/case and vacate all orders and judgements **WITH PREJUDICE**;

4) The **ORDER** shall grant all other relief that is just, equitable, and available.

I swear under penalty of perjury under the laws of the United States of America the foregoing is true, correct and complete to the best of my belief and knowledge:

Respectfully Submitted:

Signed and Sealed this __7__ Day of _____, __2007__

Locus Sigilli: _____

Wendell David: Williams, Sui Juris
C/O [P.O.Box 9000]
[Safford, Arizona][85548]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WENDELL DAVID WILLIAMS                                     PLAINTIFF

v.                              CASE NO. 4:07-CV-00326 GTE

UNITED STATES OF AMERICA                                  DEFENDANT

## ORDER

The record reflects that on February 5, 2004, Plaintiff entered a plea of guilty to

Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the

terms of a written plea agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On

June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment,

three years' supervised release, and a $100 special assessment. Williams commenced the

proceeding at bar on April 2, 2007, by filing what he characterized as a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.

A prisoner may challenge the execution of his sentence by means of a petition filed

pursuant to 28 U.S.C. § 2241 in the district of his incarceration, but a challenge to the validity of

the sentence itself must be brought under section 2255 in the district of the sentencing court. *See*

*Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002). It appears that "execution" means the

manner in which a sentence is actually served, i.e. a petition filed to challenge "calculations by

the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny

parole, . . . or conditions of confinement . . .." *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d

Cir. 2003); *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001). Section 2255 provides in

1

part that a federal prisoner may seek "release[] upon the ground that the sentence was imposed in

violation of the Constitution or the laws of the United States, or that the Court was without

jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255.

In his petition, Plaintiff Williams asserts that this Court had no jurisdiction or authority in

his criminal case, 4:04-cr-00011-01 GTE. Plaintiff requests that the Court vacate all judgments,

orders, sentences, fines, assessments, and contracts, including plea agreements. Therefore, the

Court is convinced that Plaintiff is not challenging the execution of his sentence, but is

attempting to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. **Plaintiff is**

**placed on notice that the Court intends to recharacterize Plaintiff's submission from a**

**petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255.**

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court notifies the

Plaintiff that the intended recharacterization means that any subsequent section 2255 motion will

be subject to the restrictions on "second or successive" motions,[1] and gives the Plaintiff the

opportunity to withdraw the motion or to amend it so that it contains all the section 2255 claims

he believes he has. Therefore, **Plaintiff has up to and including May 14, 2007, to either**

**withdraw the motion or to amend it so that it contains all the section 2255 claims he**

**believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will**

**consider the motion under section 2255 as presently stated.**

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff has up to and including May 14, 2007,

---

[1]28 U.S.C. § 2255 provides, in part, that "[a] second or successive motion must be
certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."

2

to either withdraw the motion or to amend it so that it contains all the section 2255 claims he

believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will consider

the motion under section 2255 as presently stated.

     Dated this 6th day of April, 2007.

                            /s/Garnett Thomas Eisele
                            UNITED STATES DISTRICT JUDGE

3

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 18 2007
JAMES W. McCORMACK, CLERK
BY:_____ DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Ex parte, Wendell-David: Williams, Sui Juris )
                                     )    Case number 4:07-cv-00326-GTE
              Petitioner,   )
                                    )
v.                                  )
                                    )
UNITED STATES OF AMERICA         )    **Motion For Relief Of Order**
                                    )    **Pursuant to Rule 60(b)(4)**
             Defendant.      )    **F.R.C.P.**
                                    )

Comes now the Petitioner with [his] "**Motion For Relief Of Order**", pursuant to Rule 60 (b)(4), of the Federal Rules of Civil Procedure for the following reasons, regarding the judges **ORDER** of the 6th day of April, 2007:

    1)    The pitioner objects to the courts order to file his petition as a 2255 issue petition. The petitioner is not challenging the sentence or its validity nor is the petitioner challenging the calculations of the Bureau of Prisions or condition of confinement. The petitioner is challenging the very issue of "Jurisdiction" of the United States with respect to bringing charges against the petitioner. See Sweeton v. Brown, 27 F.3d 1162, 1168 (6th Circuit 1994); U.S. v. Ruelas, 106 F.3d 1416, 1418 (9th Circuit 1997).

    2)    The pititoner feels that the courts order to change the petitioners "Wr it Of Habeas Corpus" into a 2255 Petition is detrimental to the petitioner's ability to redress the court and pointing out the facts and case law which specificly states the issues which the petitioner has stated in his original petition;

    3)    The petitioner believes the court has misunderstood the petition

as well as the petitioner intent.  The petitioner has filed the
correct format for his petition challenging the United States
jurisdiction, see <u>Bowen v. Johnston</u>, 306 US 19, (1939) found at
page 442 head note 9.  The petitioner agrees that he gave up his
right to appeal and understands that all appeals are purely a
statutory nature however the Jurisdictional issue can not be waived
and are an exception to this rule.  See <u>U.S. v. Caperell</u>, 938 F.2d
975, 977 (9th Circuit, 1991); also <u>Camp v. U.S.</u>, 587 F.2d 397, 399
(8th Circuit, 1978).

Therefore, the Petitioner prays upon the court that this order will be
relieved and that the court will grant the petitioner his "Writ For Habeas
Corpus" using the format and facts and find that the petitioners orginal
filing has the merit to stand.

Signed and Sealed this _16_ Day of _____, 2007

Locus Sigilli:_____

Page 2 of 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Ex parte, Wendell-David: Williams, Sui Juris )
                                             )
                    Petitioner,              )    Case number 4:07-cv-00326-GTE
v.                                           )
                                             )
UNITED STATES OF AMERICA                     )    CERTIFICATE OF SERVICE
                                             )
                    Defendant                )
_____ )

RE:  Motion for Relief of Order, F.R.C.P. Rule 60(b)(4)

     The forgoing mentioned document was served via First Class prepaid First

Class United States Mail to the following:


          Solicitor General Of The United States Of America [One Copy]
          Room 5614
          Department Of Justice
          950 Pennsylvania Avenue N.W.
          Washington, District of Columbia
          [20530-0001]


          United States District Court [One Original and Two Copies]
          Richard Sheppard Arnold United States Courthouse
          Clerk's Office
          600 West Capitol Avenue
          Suite 402
          Little Rock, Arkansas state
          [72201-3325]


     Signed and Sealed this _16_ Day of _April_____, 2007

     Locus Sigilli:_____Wendell P. Williams_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WENDELL DAVID WILLIAMS**                                    **PLAINTIFF**

v.                          **CASE NO. 4:07-CV-00326 GTE**

**UNITED STATES OF AMERICA**                                **DEFENDANT**

## ORDER

The record reflects that on February 5, 2004, Plaintiff entered a plea of guilty to

Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the

terms of a written plea agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On

June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment,

three years' supervised release, and a $100 special assessment. Williams commenced the

proceeding at bar on April 2, 2007, by filing what he characterized as a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.

On April 6, 2007, the Court issued an Order stating:

> A prisoner may challenge the execution of his sentence by means of a petition
> filed pursuant to 28 U.S.C. § 2241 in the district of his incarceration, but a
> challenge to the validity of the sentence itself must be brought under section 2255
> in the district of the sentencing court. *See Matheny v. Morrison*, 307 F.3d 709
> (8th Cir. 2002). It appears that "execution" means the manner in which a sentence
> is actually served, i.e. a petition filed to challenge "calculations by the Bureau of
> Prisons of the credit to be given for other periods of detention, or decisions to
> deny parole, . . . or conditions of confinement . . .." *See Poindexter v. Nash*, 333
> F.3d 372, 377 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458 (6th Cir.
> 2001). Section 2255 provides in part that a federal prisoner may seek "release[]
> upon the ground that the sentence was imposed in violation of the Constitution or
> the laws of the United States, or that the Court was without jurisdiction to impose
> such sentence . . . ." 28 U.S.C. § 2255.

1

In his petition, Plaintiff Williams asserts that this Court had no jurisdiction or authority in his criminal case, 4:04-cr-00011-01 GTE. Plaintiff requests that the Court vacate all judgments, orders, sentences, fines, assessments, and contracts, including plea agreements. Therefore, the Court is convinced that Plaintiff is not challenging the execution of his sentence, but is attempting to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. **Plaintiff is placed on notice that the Court intends to recharacterize Plaintiff's submission from a petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255.**

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court notifies the Plaintiff that the intended recharacterization means that any subsequent section 2255 motion will be subject to the restrictions on "second or successive" motions,[1] and gives the Plaintiff the opportunity to withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. Therefore, **Plaintiff has up to and including May 14, 2007, to either withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will consider the motion under section 2255 as presently stated.**

First, the Court notes that Plaintiff brings the present motion as a "Motion for Relief of Order, pursuant to Rule 60(b)(4), of the Federal Rules of Civil Procedure," which provides for relief from a **final** judgment, order, or proceeding because "the judgment is void.." However, Plaintiff's motion is more appropriately styled as a motion for reconsideration of the previous order.

In his motion, Plaintiff objects to the Court's Order, stating that he "is not challenging the sentence or its validity, nor is he challenging the calculations of the Bureau of Prisons or condition of confinement," but that he "is challenging the very issue of 'Jurisdiction' of the United States with respect to bringing charges against the petitioner." Additionally, Plaintiff

---

[1]28 U.S.C. § 2255 provides, in part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."

2

states that the Court's Order "to change the petitioner[']s 'Writ of Habeas Corpus' into a 2255

Petition is detrimental to the petitioner's ability to redress the court and point out the facts and

case law which specifically state[] the issues which the petitioner has stated in his original

petition." The case law cited by Plaintiff does not support his arguments.

As the Court previously noted, 28 U.S.C. § 2255 provides in part that a federal prisoner

may seek "release[] upon the ground that the sentence was imposed in violation of the

Constitution or the laws of the United States, or <u>that the Court was without jurisdiction to impose</u>

<u>such sentence</u> . . . ." 28 U.S.C. § 2255 (emphasis added). Thus, the Court declines to reconsider

its previous ruling.

Furthermore, in *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the Eighth

Circuit found that the United States District Court for the Eastern District of Missouri lacked

personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district

within which either the USPC or the prisoner's custodian is located, and the Plaintiff was

incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri,

which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). Here, Plaintiff

characterized his initial filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. However, the filing also indicates that he is incarcerated in Safford, Arizona. Therefore,

even if the Court were to consider Plaintiff's filing as a § 2241 habeas petition, this Court would

lack personal jurisdiction.

Therefore, as previously ordered, **Plaintiff has up to and including May 14, 2007, to**

**either withdraw the motion or to amend it so that it contains all the section 2255 claims he**

**believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will**

3

**consider the motion under section 2255 as presently stated**. As stated above, the intended

recharacterization means that any subsequent section 2255 motion will be subject to the

restrictions on "second or successive" motions.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration (Docket

No. 4) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiff has up to and including May 14, 2007, to

either withdraw the motion or to amend it so that it contains all the section 2255 claims he

believes he has.  If Plaintiff neither withdraws the motion, nor amends it, the Court will consider

the motion under section 2255 as presently stated.

Dated this 19th day of April, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

4

Case 4:07-cv-00326-GTE    Document 7    Filed 05/10/2007

**RECEIVED**
**MAIL ROOM**

MAY 1 0 2007

U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 0 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

Ex parte, Wendell-David: Williams, Sui Juris )
                                              )
                    Petitioner,               )   Case Number 4:07-cv-00326-GTE
                                              )
v.                                            )
                                              )
UNITED STATES OF AMERICA,                     )   **Motion For Relief Of Order**
                                              )   **Pursuant to Rule 60(b)(4)**
                    Defendant.                )         **F.R.C.P.**
                                              )
——————————————————————————————               )

**RE:** Motion for relief of Order to change Petitioner's 2241 Writ Of Habeas
Corpus into 2255 Motion on 14 May 2007.

   Comes now the Petitioner, Wendell-David: Williams, sui juris, with [his]
**"Motion For Relief Of Order"**, pursuant to Rule 60(b)(4), ot the Federal Rules
of Civil Procedure for the following reasons reguarding the judges **ORDER** of
6 April 2007 and again on 19 April 2007.

   1) The Petitioner again states that the petitioner is **NOT** challenging
      the sentence given by this court on 27 May 2004.

   2) The Petitioner is **NOT** challenging Bureau Of Prisons on any calcula-
      tions it has made nor is the petitioner challenging any condition of
      confinement.

   3) The Court is now trying to violate petitioner's constitutional right
      to file 2241 Writ Of Habeas Corpus.

   4) The petitioner **IS** Challenging the United States Of America's juris-
      diction to bring any charges against the Petitioner.

   The Petitioner states the following as evidence of his right to file his
"Writ Of Habeas Corpus".

          "A 1-year period of limitation shall apply to a
          motion under this section. The limitation period
          shall run from the latest of--
          (1) the date on which the judgment of conviction
          becomes final;" **28 USCS § 2255** page 3.

   The petitioner does not fall into this catigory since the petitioner has
been incarcerated over four (4) years at the present time. This is the first
guidline which must be met for a valid 2255 Motion. Since the petitioner
does not meet this first guidline, petitioner has a right to file his 2241

**Page 1 of 3**

"Writ Of Habeas Corpus".

Furthermore:

## Article I

**§ 9 cl. 2.**  "The privilege of the writ of habeas
corpus shall not be suspended, unless when in
cases of rebellion or invasion the public safety
may require it."

Whereas:

"A crucial component of the right to personal
liberty is the ability to test the legality
of any direct restraint that the government
seeks to place on that liberty.  This ability
is guaranteed through the availability of the
writ of habeas corpus to challenge the lawful-
ness of one's imprisonment.  The right to seek
such a writ has its roots in English law that
predates the formation of this nation.  See
Habeas Corpus Act of 1679, 31 Car. II Ch. 2.
It was incorporated among the first rights
guaranteed by the United States Constitution.
U.S. Const. art. I, § 9.  There thus can be
no question that this right is a key part of
the American legal system. **Flores By Galvez-
Maldonado v. Meese,** 942 F.2d 1352, 1359 (9th
Cir., 1991)

"It must never be forgotten that the writ of
habeas corpus is the percious safeguard of
personal liberty and there is no higher duty
than to maintain it unimpaired" **Bowen v.
Johnston,** 306 US 19, 59 S.Ct. 442 (1939)

"But if it be found that the court had no
jurisdiction to try the petitioner, or that
in its proceedings his constitutional rights
have been denied, the remedy of habeas corpus
is available. **Ex parte Lang,** 18 Wall. 163,
178, 21 L.Ed. 872;" **Bowen v. Johnston,** 306 US
19,444 (1939).

Therefore, as it is found in 28 USCS § 2241, pages 4 and 5, ..."the
aplication may be filed in the district court for the district wherein such
person is in custody or in the district court for the district within which
the State court was held which convicted and sentenced him and each of such

district courts shall have concurrent jurisdiction to entertain the applica-
tion."

The Petitioner is now giving this district court **Judicial Notice** since
it has failed to entertain petitioner's lawful 2241 "Writ Of Habeas Corpus".
The facts, case law and statutes are very clear in showing that the petiti-
oner has the right to file this petition.  The petitioner asks the court to
grant his writ of habeas corpus.  The petitioner concludes that the issue
the petitioner has placed before this court and loged in by the court clerk,
is only about Jurisdiction of the United States.  In the interist of Justice,
the petitioner prays the court will grant his "Writ Of Habeas Corpus" and
make a judgment based on the merits of the petition.


Signed and Sealed this __7__ Day of _____ , 2007

Locus Sigilli:_____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Ex parte, Wendell-David: Williams, Sui Juris )
                                            )
                          Petitioner,       ) Case Number 4:07-cv-00326-GTE
v.                                          )
                                            )
UNITED STATES OF AMERICA,                   )
                                            ) CERTIFICATE OF SERVICE
                          Defendant.        )
_____ )

RE: Motion for Relief of Order, F.R.C.P. Rule 60(b)(4).


    The forgoing mentioned document was served via First Class prepaid First
Class United States Mail to the following:


            Solicitor General Of The United States Of America [One Copy]
            Room 5614
            Department of Justice
            950 Pennsylvania Avenue N.W.
            Washington, District of Columbia
            [20530-0001]

            United States District Court [One Original and One Copy]
            Richard Sheppard Arnold United States Courthouse
            Clerk's Office
            600 West Capitol Avenue
            Suite 402
            Little Rock, Arkansas state
            [72201-3325]


Signed and Sealed this 7ᵗʰ Day of _____, 2007

    Locus Sigilli:_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WENDELL DAVID WILLIAMS                                          PLAINTIFF


v.                          CASE NO. 4:07-CV-00326 GTE


UNITED STATES OF AMERICA                                      DEFENDANT

ORDER

Presently before the Court is Plaintiff's "Motion for Relief of Order Pursuant to Rule

60(b)(4) F.R.C.P.," which is more appropriately styled as a motion for reconsideration.

The record reflects that on February 5, 2004, Plaintiff entered a plea of guilty to

Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the

terms of a written plea agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On

June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment,

three years' supervised release, and a $100 special assessment. Williams commenced the

proceeding at bar on April 2, 2007, by filing what he characterized as a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.

On April 6, 2007, the Court issued an Order stating:

> A prisoner may challenge the execution of his sentence by means of a petition
> filed pursuant to 28 U.S.C. § 2241 in the district of his incarceration, but a
> challenge to the validity of the sentence itself must be brought under section 2255
> in the district of the sentencing court. *See Matheny v. Morrison*, 307 F.3d 709
> (8th Cir. 2002). It appears that "execution" means the manner in which a sentence
> is actually served, i.e. a petition filed to challenge "calculations by the Bureau of
> Prisons of the credit to be given for other periods of detention, or decisions to
> deny parole, . . . or conditions of confinement . . .." *See Poindexter v. Nash*, 333
> F.3d 372, 377 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458 (6th Cir.

1

2001).  Section 2255 provides in part that a federal prisoner may seek "release[]
upon the ground that the sentence was imposed in violation of the Constitution or
the laws of the United States, or that the Court was without jurisdiction to impose
such sentence . . . ."  28 U.S.C. § 2255.

In his petition, Plaintiff Williams asserts that this Court had no jurisdiction or
authority in his criminal case, 4:04-cr-00011-01 GTE.  Plaintiff requests that the
Court vacate all judgments, orders, sentences, fines, assessments, and contracts,
including plea agreements.  Therefore, the Court is convinced that Plaintiff is not
challenging the execution of his sentence, but is attempting to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255.  **Plaintiff is placed on notice
that the Court intends to recharacterize Plaintiff's submission from a
petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. §
2255.**

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court
notifies the Plaintiff that the intended recharacterization means that any
subsequent section 2255 motion will be subject to the restrictions on "second or
successive" motions,[1] and gives the Plaintiff the opportunity to withdraw the
motion or to amend it so that it contains all the section 2255 claims he believes he
has.  Therefore, **Plaintiff has up to and including May 14, 2007, to either
withdraw the motion or to amend it so that it contains all the section 2255
claims he believes he has.  If Plaintiff neither withdraws the motion, nor
amends it, the Court will consider the motion under section 2255 as presently
stated.**

On April 19, 2007, the Court considered Plaintiff's April 18, 2007, "Motion for Relief of

Order, pursuant to Rule 60(b)(4), of the Federal Rules of Civil Procedure," but noted that

Plaintiff's motion is more appropriately styled as a motion for reconsideration of the previous

order.  In his motion, Plaintiff objected to the Court's Order, stating that he "is not challenging

the sentence or its validity, nor is he challenging the calculations of the Bureau of Prisons or

condition of confinement," but that he "is challenging the very issue of 'Jurisdiction' of the

United States with respect to bringing charges against the petitioner."  Additionally, Plaintiff

---

[1]28 U.S.C. § 2255 provides, in part, that "[a] second or successive motion must be
certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."

stated that the Court's Order "to change the petitioner[']s 'Writ of Habeas Corpus' into a 2255

Petition is detrimental to the petitioner's ability to redress the court and point out the facts and

case law which specifically state[] the issues which the petitioner has stated in his original

petition." The case law cited by Plaintiff does not support his arguments.

The Court declined to reconsider its previous ruling, noting that 28 U.S.C. § 2255

provides in part that a federal prisoner may seek "release[] upon the ground that the sentence was

imposed in violation of the Constitution or the laws of the United States, or that the Court was

without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255 (emphasis added). The

Court further noted that in *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the

Eighth Circuit found that the United States District Court for the Eastern District of Missouri

lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial

district within which either the USPC or the prisoner's custodian is located, and the Plaintiff was

incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri,

which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). The Court

attempted to explain that even if the Court were to consider Plaintiff's initial filing as a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court would be forced to dismiss the

case for lack of personal jurisdiction because the Plaintiff is incarcerated in Safford, Arizona.

Thus, once again, the Court offered Plaintiff the opportunity to either withdraw the motion or to

amend it so that it contains all the section 2255 claims he believes he has, and stated that if the

Plaintiff neither withdraws the motion, nor amends it, the Court would consider the motion under

section 2255 as presently stated.

3

In the motion presently before the Court, although the Court has already cautioned Plaintiff of the result of proceeding under 28 U.S.C. § 2241, Plaintiff once again insists that the Court consider his motion under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. Plaintiff explains that he has been incarcerated for over four years, and therefore, does not meet the statute of limitations requirements under 28 U.S.C. § 2255. The Court grants Plaintiff's motion, and considers his petition under 28 U.S.C. § 2241.

As previously discussed, under *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the Eighth Circuit found that the United States District Court for the Eastern District of Missouri lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located, and the Plaintiff was incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri, which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). As the Court has previously informed Plaintiff, the Court must dismiss the case for lack of personal jurisdiction because the Plaintiff is incarcerated in Safford, Arizona. Furthermore, the Court notes that it does not appear that Plaintiff has a cognizable claim under 28 U.S.C. § 2241 because he is challenging the sentence itself, rather than the manner of execution of his sentence.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration (Docket No. 7) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Petition for Writ of Habeas Corpus is DISMISSED for lack of personal jurisdiction.

4

Dated this 15th day of May, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

5

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 24 2007

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Ex parte, Wendell—David: Williams, Sui Juris )
                                              )
                    Petitioner,               )
v.                                            )    Case No. 4:07-cv-00326-GTE
                                              )
UNITED STATES OF AMERICA,                     )
                                              )
                    Defendent.                )    NOTICE OF APPEAL
                                              )
——————————————————————————————————           )

Notice is hereby given that Wendell—David: Williams, sui juris, hereby
appeals to the United States Court of Appeals for the 8th Circuit on the
decision of the United States District Court for the Eastern District of
Arkansas, Western Division, in the above case number and the Court's
decision to dismiss the Petitioner's Writ of Habeas Corpus (28 USC 2241), as
entered in the action on the 15th Day of May, 2007.


Signed and Sealed this 22nd Day of May, 2007

Locus Sigilli:_____



**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

```
Ex parte, Wendell-David: Williams, Sui Juris )
                                            )
                          Petitioner,       )   Case No. 4:07-cv-00326-GTE
v.                                          )
                                            )
UNITED STATES OF AMERICA,                   )
                                            )   CERTIFICATE OF SERVICE
                          Defendant.        )
---------------------------------------------)
```

**RE:** Notice of Appeal

The forgoing mentioned document was served via First Class prepaid First Class United States Mail to the following:

    Solicitor General of The United States Of America [One Copy]
    Room 5614
    Department of Justice
    950 Pennsylvania Avenue N.W.
    Washington, District of Columbia
    [20530-0001]


    United States District Court [Original and One Copy]
    Richard Sheppard Arnold United States Courthouse
    Clerk's Office
    600 West Capitol Avenue
    Suite 402
    Little Rock, Arkansas state
    [72201-3325]


                  Signed and Sealed this **22** Day of _____ Mrrey _____, 2007

                  Locus Sigilli: _____ Wendell~~~~~~ Willian~

RECEIVED
MAIL ROOM

MAY 29 2007

Wendell-David: Williams 22942-009   U.S. DISTRICT COURT
Name and Prisoner/Booking Number      E. DIST. OF ARKANSAS

Federal Correctional Institute Safford, Az.
Place of Confinement

C/O [P.O. Box 9000]
Mailing Address

Safford, Arizona state [85548]
City, State, Zip Code

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 29 2007

JAMES W. McCORMACK, CLERK
By:_____
               DEP CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF ARKANSAS

### WESTERN DIVISION

| | |
|---|---|
| Wendell-David: Williams , Sui Juris ,<br>                Petitioner,<br><br>      vs.<br><br>~~UNITED STATES OF AMERICA~~ ,<br>              Respondent(s). | CASE NO. 4:07-cv-00326-GTE<br><br>APPLICATION TO PROCEED<br>*IN FORMA PAUPERIS*<br>BY A PRISONER<br>(HABEAS) |

I, ___Wendell-David: Williams___ , declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently employed at the institution where you are confined?    ☐Yes    ☒No
    If "Yes," state the amount of your pay and where you work. _____
_____
_____

2.  Do you receive any other payments from the institution where you are confined?  ☒Yes    ☐No
    If "Yes," state the source and amount of the payments. _____
_____about $70.00 a month from Forced Labor_____

98-ifphab
Revised 6/98

1

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                         ☐Yes        ☒No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____
_____

I declare under penalty of perjury that the above information is true and correct.

24 May 2007                                          Wendell David Williams
DATE                                                    SIGNATURE OF APPLICANT

_____

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, __GARCA · GERMAINE__, certify that as of the date applicant signed this application:
(Printed name of official)

The applicant's trust account balance at this institution is:  $_____.34¢_____.

05|24|07   Hara Germaine   Unit Secretary   FCI Safford
DATE       AUTHORIZED SIGNATURE   TITLE/ID NUMBER   INSTITUTION

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WENDELL DAVID WILLIAMS                                    PLAINTIFF

v.                              CASE NO. 4:07-CV-00326 GTE

UNITED STATES OF AMERICA                                  DEFENDANT

ORDER

Presently before the Court is Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

I. Background

On February 5, 2004, Plaintiff entered a plea of guilty to Production of Child

Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the terms of a written plea

agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On June 1, 2004, this

Court entered judgment sentencing Plaintiff to 120 months' imprisonment, three years'

supervised release, and a $100 special assessment. Williams commenced the proceeding at bar

on April 2, 2007, by filing what he characterized as a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241. On April 6, 2007, the Court issued an Order explaining that a petition

under 28 U.S.C. § 2241 challenging the execution of a prisoner's sentence should be brought in

the district of the prisoner's incarceration. The Court also explained that a challenge to the

validity of the sentence itself must be brought under section 2255 in the district of the sentencing

court. The Court stated its intent to recharacterize Plaintiff's submission from a petition pursuant

to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255 because it appeared that Plaintiff

was challenging the jurisdiction of the Court in his criminal case. The Court provided the

1

appropriate notice under *Castro v. United States*, 540 U.S. 375 (2003), that the intended

recharacterization means that any subsequent section 2255 motion will be subject to the

restrictions on "second or successive" motions, and gave the Plaintiff the opportunity to

withdraw the motion or to amend it so that it contains all the section 2255 claims he believed he

had.

On April 19, 2007, Plaintiff filed a "Motion for Relief of Order, pursuant to Rule

60(b)(4), of the Federal Rules of Civil Procedure," which the Court considered as a motion for

reconsideration. Plaintiff once again confirmed that he "is challenging the very issue of

'Jurisdiction' of the United States with respect to bringing charges against the petitioner," and

objected to the Court's intended recharacterization. The Court warned Plaintiff that under *United

States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), even if the Court were to consider his

initial filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court would

be forced to dismiss the case for lack of personal jurisdiction because the Plaintiff is incarcerated

in Safford, Arizona.

On May 15, 2007, Plaintiff once again insisted that the Court consider his motion under

28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. Plaintiff explained that he has been incarcerated

for over four years, and therefore, does not meet the statute of limitations requirements under 28

U.S.C. § 2255.[1] The Court granted Plaintiff's motion, and considered his petition under 28

U.S.C. § 2241. As in *Hutchings,* the Court dismissed the case for lack of personal jurisdiction

---

[1]"A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241
only if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his
detention.' 28 U.S.C. § 2255." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The
§ 2255 motion is not inadequate simply because the petitioner has allowed the one year statute of
limitations and/or grace period to expire. *Id*.

2

because the Plaintiff was incarcerated in Safford, Arizona. Furthermore, the Court noted that it did not appear that Plaintiff had a cognizable claim under 28 U.S.C. § 2241 because he was challenging the sentence itself, rather than the manner of execution of his sentence.

## II. Motion for Leave to Appeal

In the motion presently before the Court, Plaintiff requests leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3) states, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from the Order entered on May 15, 2007, would not be taken in good faith. Thus, the motion is denied.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Docket No. 11) be, and it is hereby, DENIED.

Dated this 30th day of May, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## No: 07-2301

**Wendell David Williams,**

**Appellant**

v.

**United States,**

**Appellee**

---

Appeal from U.S. District Court for the Eastern District of Arkansas - Little Rock
(4:07-cv-00326-GTE)

---

## ORDER

The original file of the originating court shall serve as the record on appeal.

The appendices required by the Eighth Circuit Rule 30A shall not be required. The Clerk

of the originating court is requested to forward the original file to this court forthwith.

June 05, 2007

Order Entered Under Rule 27B(a):
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

/s/ Michael E. Gans



8cc-cmecf-nda@ck8.uscourts.
gov
06/05/2007 12:45 PM

To    ared_appeals@ared.uscourts.gov

cc

bcc

Subject    Activity in Case 07-2301 Wendell Williams v. United States
"Clerk order filed"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.

**Notice of Docket Activity**

The following transaction was filed on 06/05/2007

| | |
|---|---|
| **Case Name:** | Wendell Williams v. United States |
| **Case Number:** | 07-2301 |
| **Document(s):** | Document(s) |

**Docket Text:**
CLERK ORDER:The Court will consider the appeal on the original file of the originating court
in lieu of a designated record. The clerk of the originating court is requested to forward the file
to this office. [3316304] [07-2301]

The following document(s) are associated with this transaction:
**Document Description:**form(s) sent
**Original Filename:**
/opt/ACECF/live/forms/dheusohn_072301_3316304_ClkOrdNeedOriginalFile_275.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/05/2007] [FileNumber=3316304-0]
[21671981fd84bdb9e46309b96f4b4dc4ba0754b60588b884ca13e0e90af35e8a717058072eec437
dc3460ac38e2217c77f1f4ce5dcb8ba6d4cfd1ca10085e299]]

**07-2301 Notice will be electronically mailed to:**

McCormack, Jim

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 3316304
**RELIEF(S) DOCKETED:**
 case proceeding on of (need file)
**DOCKET PART(S) ADDED:** 3519205, 3519206, 3519207

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

### No: 07-2301

### Wendell David Williams,

4:04cr00011 GTE

### Appellant

### v.

### United States,

### Appellee

---

Appeal from U.S. District Court for the Eastern District of Arkansas - Little Rock
(4:07-cv-00326-GTE)

---

### JUDGMENT

Appellant's motion for leave to proceed in forma pauperis is granted.

This court has reviewed the original file of the United States District Court. It is

ordered by the court that the judgment of the district court is summarily affirmed. See

Eighth Circuit Rule 47A(a).

July 30, 2007

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Michael E. Gans

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 30, 2007

Mr. Wendell David Williams
FEDERAL CORRECTIONAL INSTITUTION
FCI Safford Inmate Mail
P.O. Box 9000
Safford, AZ 85548-9000

     RE: 07-2301 Wendell Williams v. United States

Dear Mr. Williams:

     Enclosed is a copy of the dispositive order entered today in the referenced case.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing <u>must</u> be received by the clerk's office within the time set by FRAP 40 in cases where the United States or an officer or agency thereof is a party (within 45 days of entry of judgment). Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Pro se petitions for rehearing are not afforded a grace period for mailing and are subject to being denied if not timely received.

                        Michael E. Gans
                        Clerk of Court

cmd

Enclosure(s)

cc:
     District Court/Agency Case Number(s):   4:07-cv-00326-GTE



**8cc-cmecf-nda@ck8.uscourts.
gov**
07/30/2007 04:00 PM

To   ared_appeals@ared.uscourts.gov

cc

bcc

Subject  Activity in Case 07-2301 Wendell Williams v. United States
"judgment filed"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.**

**Notice of Docket Activity**

The following transaction was filed on 07/30/2007

| | |
|---|---|
| **Case Name:** | Wendell Williams v. United States |
| **Case Number:** | 07-2301 |
| **Document(s):** | Document(s) |

**Docket Text:**
JUDGMENT FILED - Granting [3320209-2] motion to proceed on appeal in forma pauperis
filed by Appellant Mr. Wendell David Williams.; This case is summarily affirmed in accordance
with Eighth Circuit Rule 47A. FRANK J. MAGILL ; WILLIAM JAY RILEY ; LAVENSKI R.
SMITH Adp July 2007 [3335178] [07-2301]

The following document(s) are associated with this transaction:
**Document Description:**form(s) sent
**Original Filename:**
/opt/ACECF/live/forms/cdolan_072301_3335178_JudgmentsJudgeDirected_127.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/30/2007] [FileNumber=3335178-0]
[88c6f032a882218b2358ed36fb634cd3fa55ca314b2e879375665ad854324c0c2079b583d206b24
a4bf73545ad520270a2b882afcbca269240d04b8ecc475ac4]]
**Document Description:**form(s) sent
**Original Filename:**
/opt/ACECF/live/forms/cdolan_072301_3335178_GeneralCoverLetters_122.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/30/2007] [FileNumber=3335178-1]
[58166f1c4097815eb6b49e78279017ccac28463b2f79ad3c0a10a343194bd097a7431a161e16438
a7f9d9ab75b8876e8ed7730b66c9b418caee36150901c4d51]]

**07-2301 Notice will be electronically mailed to:**

McCormack, Jim: ared_appeals@ared.uscourts.gov

**07-2301 Notice will be mailed to:**

Williams, Wendell David
FEDERAL CORRECTIONAL INSTITUTION
FCI Safford Inmate Mail
P.O. Box 9000
Safford, AZ 85548-9000

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 3335178
**RELIEF(S) DOCKETED:**
 affirmed 47A
**DOCKET PART(S) ADDED:** 3550545, 3550546

DEC 1