UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWARD CRAIG POOLE, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | Civil Action 07-2039 (RJL) |
| JOHN M. ROLL, et al., | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS'[1] OPPOSITION TO PETITIONERS' MOTIONS TO JOIN IN THE ABOVE-CAPTIONED ACTION AND TO DECLARE THE ABOVE-CAPTIONED ACTION A CLASS ACTION

On November 8, 2007, five individuals incarcerated in Safford, Arizona (collectively, "Plaintiffs") filed the above-captioned action against seven federal judges and the appellate commissioner for the Ninth Circuit (collectively, "Defendants"),[2] alleging that Defendants conspired to deny their habeas corpus petitions and, in so doing, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). See Compl. ¶¶9-23, 36-41. On December 3 and December 4, 2007, four additional individuals incarcerated in Safford, Arizona (collectively, "Petitioners") filed identical motions seeking (1) to join in the above-captioned action, and (2) for this Court to "declare [the above-captioned] action a Class Action." (See Docket Nos. 2-5.) Both Plaintiffs and Petitioners are appearing pro se.

On December 10, 2007, the United States Attorney's Office for the District of Columbia was served with the Complaint in the above-captioned action (the "Complaint"). Soon

---

[1] This brief is submitted on behalf of all Defendants except the Honorable Garnett T. Eisele.

[2] Plaintiffs also named as Defendants several unidentified individuals ("John Doe(s)" and "Jane Doe(s)") and several unidentified corporations ("XYZ Corporations"). See Compl. ¶¶22-23.

thereafter, on December 17, 2007, one of the Defendants in the above-captioned action—the Honorable Garnett T. Eisele—moved to dismiss the Complaint as to himself on the grounds that (1) it fails to state a valid claim under RICO, (2) the claims it asserts are barred by the doctrine of judicial immunity, (3) this Court lacks personal jurisdiction over him and (4) venue is improper in this Court.  (See Docket No. 6.)  Those reasons for dismissal are compelling and apply equally to the other named Defendants.  Indeed, recognizing that if Plaintiffs' claims fail as to Judge Eisele, then they also fail as to the non-moving Defendants, this Court has stayed the non-moving Defendants' obligation to respond to the Complaint pending resolution of Judge Eisele's motion to dismiss.

In light of the pending motion to dismiss, and to avoid the unnecessary expenditure of judicial and party resources, this Court should, at a minimum, deny Petitioners' motions—and any similar motions—without prejudice to their being re-filed if and when the Complaint survives an initial round of dispositive motions.  Alternatively, the Court should deny Petitioners' motions outright on the grounds that Petitioners have failed to establish that (1) they satisfy the prerequisites for joinder under Federal Rule of Civil Procedure 20 ("Rule 20"); and (2) the above-captioned action meets the requirements for class action treatment under Federal Rule of Civil Procedure 23 ("Rule 23").

To support their motions to join in the above-captioned action, Petitioners state simply that they have "read the [C]omplain[t]" and "have an interest in the outcome [of] the . . . action." (See Docket Nos. 2-5.)  However, joinder under Rule 20 is proper only if (1) Petitioners are in a position to "assert a[] right to relief . . . arising out of the same transaction [or] occurrence" that is the subject of the above-captioned action; and (2) a "question of law or fact common to [Petitioners and Plaintiffs] will arise in the [above-captioned] action."  See Fed. R. Civ. P. 20(a).

As stated above, Plaintiffs in the above-captioned action have alleged RICO claims arising out of the denial of their habeas corpus petitions by the named Defendants.  See Compl. ¶¶24-25, 27-28, 38-41.  Thus, to meet the requirements for joinder, Petitioners must demonstrate, at a minimum, that they have filed habeas corpus petitions, that their petitions have been denied and that one or more of the named Defendants was responsible for the denials.  Yet, there is nothing in the record before this Court that indicates that Petitioners have filed habeas corpus petitions, much less that they have filed habeas corpus petitions that have been denied and that one or more of the named Defendants was responsible for the denials.  Thus, the "interest" Petitioners allegedly have "in the outcome [of] the . . . action" may well be hypothetical.  Accordingly, Petitioners' Rule 20 motions should be denied.

Similarly, Petitioners have failed to establish that the above-captioned action satisfies the requirements of Rule 23 and is properly treated as a class action.  To support their motions to "declare this action a Class Action," Petitioners state simply that "the number of members of the class will no doubt be in the thousands."  (See Docket Nos. 2-5.)  However, other than Petitioners' conclusory assertion as to the number of potential class members, there is no evidence in the record that the number of persons with claims similar to those asserted by Plaintiffs "is so numerous that [their] joinder [in the above-captioned action] . . . is impracticable."  See Fed. R. Civ. P. 23(a)(1).  Moreover, even assuming that Petitioners' conclusory assertion were sufficient to establish the numerosity requirement of Rule 23(a)(1) (and it is not), Petitioners have failed to—and, indeed, cannot—establish that each of the other prerequisites for class action treatment is met—i.e., (1) that "there are questions of law or fact common to the class," (2) that "the claims . . . of the representative parties are typical of the claims . . . of the class" and (3) that "the representative parties will fairly and adequately protect

3

the interests of the class." Fed. R. Civ. P. 23(a)(2)-(4); see Forrester v. Fed. Bureau of Prisons, No. 06-1954, 2007 WL 2616916, at *1 n.1 (D.D.C. Sept. 12, 2007) ("As a prisoner proceeding pro se, plaintiff cannot credibly show his ability to 'fairly and adequately protect the interests of the class.'"); Ali v. U.S. Parole Comm'n, No. 06-0235, 2007 WL 902312, at *4 (D.D.C. Mar. 23, 2007) ("The Court agrees with . . . substantial precedent that a pro se litigant is not a suitable class representative."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975 (per curiam) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Petitioners also have made no showing that the above-captioned action is maintainable as a class action under Rule 23(b).[3]

---

[3] If this Court denies Petitioners' motions to join in the above-captioned action (and it should), then it should deny their motions to "declare this action a Class Action" for the additional reason that they would be non-parties and would thus lack standing to make those motions.

4

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court DENY Petitioners' motions to join in the above-captioned action and to declare the above-captioned action a class action.

Dated: January 24, 2008                    Respectfully submitted,

                                                 /s/
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                 /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                                 /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**Jose Francisco Diaz**
#25730-051
P.O. Box 9000
Safford, Arizona 85548

**Jose Andrade Moreno**
#35032-008
P.O. Box 9000
Safford, Arizona 85548

**Jose Rios Moreno**
#31646-048
P.O. Box 9000
Safford, Arizona 85548

**Ignacio Munoz Martinez**
#07651-046
P.O. Box 9000
Safford, Arizona 85548

                                            /s/
                                  Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWARD CRAIG POOLE, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action 07-2039 (RJL) |
| JOHN M. ROLL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PETITIONERS' MOTIONS TO JOIN IN THE ABOVE-CAPTIONED ACTION AND TO DECLARE THE ABOVE-CAPTIONED ACTION A CLASS ACTION**

Having considered Petitioners' motions to join in the above-captioned action and to declare the above-captioned action a class action ("Petitioners' Motions"), and Defendants' opposition thereto, it is, this _____ day of _____, 2008,

ORDERED that Petitioners' Motions (Docket Nos. 2-5) are DENIED.

SO ORDERED.

_____
United States District Court Judge

Copy to:

**ECF counsel**

**Jose Francisco Diaz**
#25730-051
P.O. Box 9000
Safford, Arizona 85548

**Jose Andrade Moreno**
#35032-008
P.O. Box 9000
Safford, Arizona 85548

**Jose Rios Moreno**
#31646-048
P.O. Box 9000
Safford, Arizona 85548

**Ignacio Munoz Martinez**
#07651-046
P.O. Box 9000
Safford, Arizona 85548