UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD CRAIG POOLE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action 07-2039 (RJL) |
| JOHN M. ROLL, et al., | ) |
| Defendants. | ) |

## OPPOSITION TO MOTION TO QUASH

On November 8, 2007, five individuals incarcerated in Safford, Arizona (collectively, "Plaintiffs") filed the above-captioned action against seven federal judges (sitting in Arkansas, Arizona and California) and the appellate commissioner for the Ninth Circuit (collectively, "Defendants"), alleging that Defendants had conspired to deny their habeas corpus petitions and, in so doing, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO").  See Compl. ¶¶9-23, 36-41.  On December 17, 2007, one of the Defendants—the Honorable Garnett T. Eisele—moved to dismiss the Complaint as to himself on the following grounds:  (1) it fails to state a valid claim under RICO, (2) he is immune from suit, (3) this Court lacks personal jurisdiction over him and (4) venue is improper in this Court.  Those arguments for dismissal are equally applicable to the remaining Defendants.

On January 22, 2008, one of the Plaintiffs—Wendell David Williams—moved this Court for leave to amend the Complaint to add as defendants two individuals who allegedly participated in the criminal action that led to his incarceration:  Jerome Kearney, an Assistant Federal Public Defender in Arkansas; and Todd Newton, an Assistant United States Attorney in Arkansas.  (Docket No. 18.)  On February 11, 2008, Defendants filed a brief in opposition to Mr.

Williams' motion to amend.¹  (See Docket No. 19.)  Therein, Defendants argued that the motion to amend should be denied outright as futile because the addition of Messrs. Kearney and Newton to this case would not cure the deficiencies identified by Defendant Eisele in his motion to dismiss.  (See id. at 2.)  Defendants explained that even if the motion to amend were granted, the Complaint would still fail to state a valid claim under RICO, each defendant would still be immune from suit, this Court would still lack jurisdiction over any defendant and venue would still be improper in this Court.  (See id.)  Alternatively, and at the very least, Defendants argued that the motion to amend should be denied without prejudice to its being re-filed if the Complaint survives an initial round of dispositive motions.  (See id.)  Those arguments are persuasive and require the denial of Mr. Williams' motion to amend.

Plaintiffs have now moved to quash Defendants' opposition to the motion to amend, arguing in essence that the opposition should be stricken from the record because Plaintiffs can establish that Messrs. Kearney and Newton were involved in the RICO conspiracy alleged in the Complaint.  (See Docket No. 21.)  Plaintiffs' motion to quash should be denied.  Their bald assertions of unlawful behavior on the part of Messrs. Kearney and Newton—which is the extent of that which is contained in the motion to quash—are insufficient to establish participation in a RICO conspiracy.  See Chisum v. Colvin, 276 F. Supp. 2d 1, 5 (D.D.C. 2003) (dismissing RICO claim on the ground that "there is nothing in plaintiff's amended complaint—other than plaintiff's bald assertion—that ties defendant's action . . . to the existence of some alleged conspiracy involving a variety of government officials and judges"); see generally Twombly v.

---

¹ The February 11, 2008 opposition brief was filed on behalf of all Defendants other than Defendant Eisele.  (See Docket No. 19.)  On February 13, 2008, Defendant Eisele filed a notice pursuant to Federal Rule of Civil Procedure 10(c) adopting the February 11, 2008 opposition brief.  (See Docket No. 20.)

Bell Atlantic Corp., 127 S. Ct. 1955, 1965 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level.").

Moreover, Plaintiffs' motion to quash ignores the fact that even if Mr. Williams were permitted to submit his proposed amended pleading, the Complaint (as amended) would still be subject to dismissal for the same reasons stated in Defendant Eisele's motion to dismiss, including that it would fail to allege facts sufficient to sustain a RICO claim.[2] Thus, despite Plaintiffs' assertions to the contrary, the motion to amend should be denied as futile.[3] At the very least, it should be denied without prejudice to its being re-filed if the Complaint survives an initial round of dispositive motions. There is no reason to permit Mr. Williams to amend the Complaint to add as defendants additional alleged participants in the purported RICO conspiracy if the allegations in the Complaint are insufficient to, inter alia, sustain the underlying RICO claim or establish this Court's jurisdiction over this matter.

As a final matter, Plaintiffs assert in their motion to quash that "there are many others involved in [the alleged] conspiracy [who] should be brought to light and for this reason the

---

[2] The proposed amended complaint contains only conclusory allegations of participation in a RICO conspiracy. (See Docket No. 18 ("The Petitioner hereby claims that Jerome Kearney and Todd Newton being officers of the court entered into a R.I.C.O. enterprise with the other named defendants, by obstructing justice, and using the United States Mail while obstructing justice, as well as using electronic devices to obstruct justice, all acts being R.I.C.O. as detailed in the original complaint.").) The same is true with respect to the motion to quash. (See Docket No. 21 ("The [Assistant United States Attorney] committed an act of fraud on the court when he went to the grand jury to obtain an indictment against plaintiff Williams by not giving the grand jury all the necessary information for them to decide if an indictment was warranted. The Public Defender . . . failed in his duty by not conducting any type of defense to protect the plaintiff's constitutional rights. He further withheld information from the plaintiff which was a benefit to the plaintiff. Finally he conspired with the prosecutor to get the plaintiff to agree to a plea agreement. . . . Both of these men have . . . aided defendant Eisele in his illegal actions which placed plaintiff in incarceration.").)

[3] Plaintiffs' observation that this Court "has not yet dismissed defendant Eisele . . . as of this date" (Docket No. 21) is beside the point. What is important is that the addition of Messrs. Kearney and Newton to this case would have no bearing on the arguments raised in Defendant Eisele's motion to dismiss.

plaintiffs should be allowed to amend the complaint to include other plaintiffs who have been unlawfully incarcerated plus add other defendants who are conducting illegal activities for the purpose of personal gain." (Docket No. 21.) However, Plaintiffs should not be permitted to add to this action an array of additional, unnamed persons who were allegedly involved in or affected by the alleged RICO conspiracy unless and until it is first determined that, <u>inter alia</u>, Plaintiffs' Complaint contains a viable RICO claim and is properly before this Court.

## **CONCLUSION**

For the reasons set forth above, Defendants[4] respectfully request that this Court DENY Plaintiffs' motion to quash and Plaintiff Williams' motion to amend.

Dated: March 6, 2008                                    Respectfully submitted,

        /s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

        /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

---

[4] This brief is submitted on behalf of all Defendants except Defendant Eisele.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

Edward Craig Poole
P.O. Box 9000
Safford, Arizona 85548

Rosario Andrade Del Sol
P.O. Box 9000
Safford, Arizona 85548

Avelino Valdez Vasquez
P.O. Box 9000
Safford, Arizona 85548

Wendell David Williams
P.O. Box 9000
Safford, Arizona 85548

Mark Richard Patrick
P.O. Box 9000
Safford, Arizona 85548

                    /s/
                Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWARD CRAIG POOLE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action 07-2039 (RJL) |
| JOHN M. ROLL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**<u>ORDER</u>**

Having considered the Opposition to the Motion to Quash, and the entire record herein, it

is, this _____ day of _____, 2008,

ORDERED that the Motion to Quash is DENIED.

SO ORDERED.

_____
United States District Court Judge

Copy to:

ECF counsel

Edward Craig Poole
P.O. Box 9000
Safford, Arizona 85548

Rosario Andrade Del Sol
P.O. Box 9000
Safford, Arizona 85548

Avelino Valdez Vasquez
P.O. Box 9000
Safford, Arizona 85548

Wendell David Williams
P.O. Box 9000
Safford, Arizona 85548

Mark Richard Patrick
P.O. Box 9000
Safford, Arizona 85548