UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **EDWARD CRAIG POOLE** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 07-2039 (RJL) |
| | ) |
| **JOHN M. ROLL** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**
**(March 18, 2008)**

In this civil action, five federal prisoners sue four federal judges of the United States District Court for the District of Arizona and the Chief Judge and an Appellate Commissioner of the United States Court of Appeals for the Ninth Circuit. They claim that defendants' rulings on their *habeas corpus* petitions violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*. One defendant, Chief District Judge Garnett Thomas Eisele, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the ground of judicial immunity. For the following reasons, the Court grants Chief Judge Eisele's motion and dismisses the complaint in its entirety.[1]

It is established that judges are absolutely immune from lawsuits predicated on acts taken in their judicial capacity. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Moreover, to

---

[1] By Minute Order of January 23, 2008, the Court effectively stayed the time for the remaining defendants to respond to the complaint pending the resolution of this motion. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen a prisoner's complaint "as soon as practicable after docketing" and to dismiss it upon a determination that the complaint, as here, is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.



the extent that the complaint is against the judges in their official capacity, it is properly considered to be against the United States. But Congress has not waived the United States' immunity with respect to RICO claims. *See Norris v. Department of Defense*, 1997 WL 362495 (D.C. Cir., May 5, 1997) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases). Besides, plaintiffs' identification of "The Enterprise [as] Individuals, Person[s], Officers of the Court, Government Officials, Government Agents, United States Attorneys(s) Office, [and] United States Courts," Compl. at 5, is simply frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint[] containing . . . both factual allegations and legal conclusions[] is frivolous where it lacks an arguable basis either in law or in fact."); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (affirming dismissal of prisoner's RICO lawsuit against federal judges and prosecutor as frivolous and malicious).

Because the complaint is barred on the grounds of judicial and sovereign immunity, the case is dismissed.[2] A separate order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[2] Plaintiffs have pending a motion to amend the complaint to add as defendants an Assistant Federal Public Defender and an Assistant United States Attorney, both located in Little Rock, Arkansas. Allowing plaintiffs' amended complaint would be a futile exercise because sovereign immunity would also bar the RICO claim against these potential defendants in their official capacities. Moreover, the vague allegations of the amended complaint, *see* Mot. Attach., neither reveal how this Court would have personal jurisdiction over the Arkansas-based defendants if sued in their individual capacities nor establish this judicial district as the proper venue for litigating the claim. *See* 18 U.S.C. § 1965(a) (establishing venue for RICO claims as the district court "for any district in which [the defendant] resides, is found, has an agent, or transacts his affairs"). The motion to amend the complaint therefore will be denied.

2